56 So.2d 553

**MOSER v. MOSER.**
No. 38829.

Dec. 10, 1951.

Rehearing Denied Jan. 14, 1952.

Andrew H. Thalheim and Richard A. Thalheim, Gretna, for plaintiff and appellant.

Waverly A. Henning, Gretna, for appellee.

LeBLANC, Justice.

Joseph H. Moser filed this suit on August 28, 1947 in the Twenty-Fourth Judicial District Court in and for the Parish of Jefferson, seeking a divorce from his wife, Mrs. Gladys Wilson Moser. The demand is based on their having lived separate and apart for a period of two years, under the authority of Act 430 of 1938, LSA–R.S. 9:301. He prayed for the permanent care, custody and control of his minor daughter, issue of the marriage, alleging that his wife had deserted him in August 1945. He further alleged that his said wife had unsuccessfully sued him for separation from bed and board on August 18, 1945, the suit having been dismissed by judgment of the District Court which was subsequently affirmed on appeal. See Wilson v. Moser, 210 La. 1021, 29 So.2d 49.

Defendant, in her answer, admitted living separate and apart from the plaintiff for a period of two years but denied having deserted her husband, alleging that she was forced to leave her home because of the cruel and inhuman treatment she received from him, and she asked for the permanent care, custody, and control of her minor child of which she has had the temporary custody, since the suit for separation from bed and board. In reconvention, she alleges that her husband has been guilty of habitual intemperance and of repeated and numerous acts of cruel and inhuman treatment toward her to such an extent as to render their living together impossible. In her prayer, she asks for judgment rejecting plaintiff's demands, and in the alternative, should the court render judgment of divorce, based on the two years separation, that she have judgment awarding her the permanent care, custody and control of the minor child, together with alimony, proportionate to the income and means of her husband, for the support and maintenance of herself and her minor child; and for attorney's fees in the sum of $300. She further prayed that the community of acquets and gains existing between her and her said husband be dissolved, and that a partition thereof be made between them.

After hearing the evidence, the trial judge rendered judgment in favor of the plaintiff, Joseph H. Moser, decreeing a divorce between plaintiff and defendant; and on the reconventional demand of Mrs. Gladys Wilson Moser, gave judgment in her favor, awarding her the permanent care, custody, and control of the minor child, Veronica Helen Moser and granted her alimony at the rate of $15 per week for

her support and maintenance and that of the minor child, Veronica Helen Moser. He further granted judgment in favor of the wife, Mrs. Gladys Wilson Moser and against the husband, restraining the said Joseph H. Moser from in any manner disposing of or mortgaging, or anywise alienating or encumbering any part of the community property belonging to the community of acquets and gains existing between them. The demand for attorney's fees by the wife was denied and rejected.

From this judgment Joseph H. Moser asked for and was granted a devolutive and suspensive appeal.

While the case was pending in this court, Mrs. Gladys Wilson Moser, filed a motion to dismiss the appeal in so far as it applied to the granting of the divorce, and this court on February 13, 1948 dismissed the appeal in so far as the divorce was concerned. See Moser v. Moser, 213 La. 290, 34 So.2d 782. Therefore the only issue now before the court is whether the wife is entitled to the alimony awarded by the trial judge.

During the trial of the case when the defendant attempted to prove habitual intemperance and cruel treatment on the part of the husband in order to show the wife was without fault, counsel for the plaintiff objected to the introduction of such evidence on the ground that that issue had been raised and adjudicated in the former suit filed by the wife for separation from bed and board and was therefore res adjudicata. The objection was overruled on the ground that the thing demanded or the object of the suit was not the same in the two suits. That is one of the grounds of error relied on by appellant who, with great confidence apparently, refers the court to the case of Picard v. Mutual Life Ins. Co., 212 La. 234, 31 So.2d 783, as being decisive of the issue in this case. We cannot agree with counsel for the appellant that the decision is controlling. The court, in that case, merely held that the contested issue which was one regarding certain statutory penalties and attorney's fees claimed under an insurance policy, had been adjudicated on in a former suit between the same parties in the Federal Courts and therefore res adjudicata applied. In all cases involving the plea of res adjudicata the three statutory essentials prescribed by Article 2286, R.C.C. must be present. (1) "The thing demanded must be the same"; (2) "the demand must be founded on the same cause of action"; and (3) "the demand must be between the same parties, and formed by them against each other in the same quality." In Lloveras v. Reichert, 197 La. 49, 200 So. 817, we find a case almost identical to the one presently before us as will appear from a reading of syllabus No. 2 which reflects the decision of the court: "In husband's suit for absolute divorce on ground that husband and wife had lived apart for more than two years, where wife filed reconventional demand for permanent alimony on ground that she was destitute and that the two-year separation.

was not due to her fault, a judgment for wife rendered in wife's prior suit in another parish for separation from bed and board on ground of cruel treatment by husband was not 'res judicata' on question whether separation was due to wife's fault, since statutory essentials of res judicata, other than that demand was between same parties, did not exist."

The objection so strenuously relied on by counsel for plaintiff was correctly overruled. Furthermore the showing that the husband was *not* at fault would not prove that the wife *was* at fault. In the present case, the trial judge evidently concluded that the wife was not at fault and awarded alimony in the sum of $15 per week, for the maintenance of herself and the minor child. In order to reverse him on this finding of fact, we would have to find palpable error, which does not appear.

 Counsel for appellant further urges as error the awarding of alimony in the sum of $15 per week when the husband testified that his income was $45 per week but that his net income was only $39 per week, which is more than one-third of the amount of his income, the limit that is fixed by Article 160 of the Civil Code. That article however relates to the alimony in favor of the wife and does not apply to alimony awarded for the benefit and care of a minor child which is the alimony the court is chiefly concerned with in this case. Besides there is testimony in the record to the effect that the husband at times earned

more than the $45 weekly salary which he received regularly.

The trial judge also ruled correctly in awarding the permanent custody of the child to the mother as it nowhere appears that she is in any way unfit to take care of and provide for her with the earnings from her employment and the alimony she receives from the father.

For the reasons stated the judgment appealed from is affirmed.

MOISE, J., takes no part.