405 So.2d 1143 (1981)
Al J. BELAIRE
v.
Joseph VANDERBROOK, Jr., et al.
No. 14286.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
Rehearing Denied November 23, 1981.
Writ Denied December 14, 1981.
*1144 Lawrence K. Burleigh, Levy & Burleigh, Morgan City, for plaintiff.
Carlos E. Lazarus, Jr., Henderson, Hanemann & Morris, Houma, for defendants.
Before CHIASSON, EDWARDS and LEAR, JJ.
LEAR, Judge.
This appeal is from a judgment against defendants, Joseph Vanderbrook, Jr., Berwick Oil Company, and Continental Insurance Company, which resulted from a head-on collision between Mr. Vanderbrook and Al J. Belaire, plaintiff. Berwick Oil Company is Mr. Vanderbrook's employer; and Continental Insurance Company is Mr. Vanderbrook's and Berwick Oil Company's automobile liability insurer. From the judgment of the trial court, defendants appeal assigning three specifications of error:
1. The trial court erred in admitting evidence of defendant's, Mr. Vanderbrook's, actions during the twelve hours preceding the accident, particularly of his intoxication, after an attempted admission of liability on the part of defendants.
2. The trial court erred in accepting the jury verdict which was excessive.
3. The trial court erred in failing to grant a new trial or in refusing to reduce the jury award.[1]
It was uncontested that the accident was caused by Mr. Vanderbrook while returning from a company mission for Berwick Oil Company in Gretna, Louisiana. He stayed up all the night before the accident drinking beer. The next day, on his return trip, his car crossed the center line of the highway and collided with plaintiff's vehicle. The accident occurred at approximately 11:25 a. m. under clear weather conditions. The police officer on the scene took blood samples from defendant Vanderbrook, which registered .10 alcoholic content.
According to the transcript, before trial, in the trial judge's chambers, defendants attempted to make an admission of liability and objected to the plaintiff's offering any evidence not pertaining to the accident, impact, or severity thereof. Particularly, defendants wanted to exclude information as to defendant's intoxication at the time of the accident. However, plaintiff opposed the admission on the ground that it was not made timely, in accordance with the terms of the pretrial order. The trial court decided to hear limited evidence on the matter of intoxication.
On appeal, defendant does not specify when he made or tried to make his admission before the jury. We are not able to find in the record any such admission to the jury. Further, defendants never made any objection to testimony on intoxication during trial. However, defendants argue that, because the trial court allowed the information about intoxication to be admitted, it inflamed the jury and caused an excessive award.
We do not agree under the circumstances. First, counsel for defendants has failed to make a showing that he made a valid admission of liability. We find no admission of liability before the jury in the record. Hence, the circumstances surrounding the accident were at issue.
Secondly, although counsel was warned before trial that evidence would be introduced, he did not attempt to object to that evidence concerning the accident during trial. Since counsel did not take advantage of his opportunities to object, we deem that he *1145 waived his right. Thibodeaux v. Western World Insurance Company, 391 So.2d 24 (La.App. 3rd Cir., 1980); Wade v. Joffrion, 387 So.2d 1265 (La.App. 1st Cir., 1980). Under these circumstances, we do not find that the trial court erred in admitting testimony dealing with defendant's intoxication.
Specifications of error two and three both address defendants' contention that the jury's award for damages was excessive. The jury made a lump sum award in the amount of $275,000.00, which did not specify amounts for general or special damages. However, defendants do not contest any specific finding of special damages. Their argument is addressed to the damage award in general.
The standard of review to be applied in this case was recently set forth by the Louisiana Supreme Court in Perniciaro v. Brinch, 384 So.2d 392 (La.1980):
"In the assessment of damages in cases of quasi offenses much discretion must be left to the judge or jury. La.C.C. art. 1934(3). Before a court of appeal can disturb an award made by a trial court the record must clearly reveal that the trier of fact abused his discretion in making his award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Before an appellate court can disturb a factual finding by the trial court, it must determine that the finding is manifestly erroneous and has no reasonable factual basis. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978)."
Our review of the record in this matter reveals that plaintiff, at the time of the accident, was a fairly active man 47 or 48 years of age, who had a history of prior athletic competition. He was still fairly active prior to the accident, although not in competition. He jogged occasionally and participated in other minor sports in small ways. He was the principal of Morgan City High School and mingled with the athletes and other students.
As a result of the accident, plaintiff has a 35% permanent disability of his foot caused by crushed bones. This condition will cause him occasional pain for the rest of his life, especially if he attempts any vigorous activities. He has endured fusion surgery for the three crushed bones in the damaged ankle. If the bones of his foot do not fuse after surgery, he will probably have to undergo the surgery again. There is a definite possibility that the fusion will not occur. Plaintiff had a cast on his ankle for six weeks prior to surgery and at the time of the trial was again required to wear a cast.
Further, plaintiff has a 45-50% permanent disability of his lower extremity as a whole, including his hip, which will cause him occasional pain for the rest of his life. He has begun to develop degenerative changes, such as arthritis, which his treating physician believes will probably worsen. He was confined to a wheelchair for five to six weeks because of his hip injury and is still restricted in his activities. He was using crutches at the time of trial and is still in pain. As further results of his injury, plaintiff suffered a weight loss of some forty-five pounds.
In special damages, plaintiff showed medical expenses of $5,737.21, lost wages in the amount of $2,385.61, and an anticipated loss of future wages of $3,343.00.
Any award, particularly from a jury, is difficult to evaluate. Plaintiff's demeanor, his experiences, and the medical evidence all play an integral part of the jurors' resolution of the amount to be awarded for injury. Under the circumstances of this case, considering the severity and long-lasting nature of the injury, we find no abuse of discretion in the jury's award, nor in the trial court's refusal to grant a new trial or reduce the award. See Perniciaro v. Brinch, supra; Kostrzewa v. Wilson, 397 So.2d 859 (La.App. 4th Cir., 1981).
For the foregoing reasons, the judgment of the trial court is affirmed. Appellants are to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] The refusal to grant a new trial is similar to an interlocutory judgment and cannot be considered a final judgment. In the absence of an allegation of irreparable injury, a litigant cannot appeal from a judgment refusing to grant a new trial. However, where appellant has also appealed from the final judgment, the complaints relative to the dismissal of the motion will be considered in connection with the appeal from the final judgment. Acomb v. Acomb, 160 So.2d 326 (La.App. 4th Cir., 1964). For these reasons we have considered appellant's specifications of error relative to both the final judgment and the denial of the motion for a new trial.