428 So.2d 1078 (1983)
Change H. OH
v.
ALLSTATE INSURANCE COMPANY.
No. 82 CA 0416.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*1079 Raymond C. Vinet, Sr., Baton Rouge, for plaintiff-appellant Change H. Oh.
Stephen Wilson, Baton Rouge, for defendant-appellee Allstate Ins. Co.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
This is a suit for damages in tort arising out of an automobile accident. The jury in the trial court rendered a general verdict in favor of the defendant. The trial judge rendered a judgment in accordance with the jury's verdict. This devolutive appeal followed.

I. FACTS
On July 31, 1980, at approximately 4:20 P.M., Chang Oh[1] was operating a 1972 Mercury automobile owned by him in a southerly direction in the middle lane of Interstate 110 (a three lane highway) in the Parish of East Baton Rouge, Louisiana. At the same time and place, Randall I. Mayes was operating a 1976 Pontiac automobile owned by him in a southerly direction on Interstate 110 behind Chang Oh. Mayes and his vehicle were insured by Allstate Insurance Company (Allstate). The traffic on the interstate was heavy and it was raining. A rear end collision occurred between the Mayes vehicle and the Oh vehicle. Oh filed suit against Allstate seeking recovery for property damage and bodily injury caused by the accident.

II. IMPROPER JURY INSTRUCTIONS
Oh contends that the trial judge gave an erroneous and confusing jury instruction concerning the applicability of La.R.S. 32:71 (driving on the right side of the road) to the facts of this case.
A review of the record shows that there was a hearing out of the presence of the *1080 jury between the court and counsel to discuss the proposed jury charges prior to the time that they were given. No objections to the jury charges were entered at that time. Thereafter, the judge gave his charges to the jury. After the charges were given, counsel for Oh again indicated that he had no objections to the charges.
Since the appellant did not object to the jury charges in the trial court, he cannot now assign as error the giving or the failure to give an instruction in this court. La.C.C.P. art. 1793; Ray v. Ameri-Care Hospital, 400 So.2d 1127 (La.App. 1st Cir. 1981), writ denied 404 So.2d 277 (La.1981); Helaire v. Liberty Mutual Insurance Company, 397 So.2d 8 (La.App. 3rd Cir.1981), writ denied 401 So.2d 975 (La.1981). CONTRA: Dixie Life Insurance Company v. Pacific Mutual Life Insurance Company, 416 So.2d 139 (La.App. 4th Cir.1982).

III. TRIAL JUDGE'S COMMENT ON THE EVIDENCE
Oh contends that the trial judge commented on the evidence in the presence of the jury and thus committed reversible error.
On direct examination, Oh testified that he was on his way home driving southbound on Interstate 110 in the middle lane at a speed of between 40 and 45 miles per hour; as he approached North 2nd Street, he encountered a slow moving vehicle in front of him; he followed the slow moving vehicle at a speed of approximately 20-30 miles per hour; he couldn't change lanes because of traffic on either side of him; he turned his flashing lights on; and he was struck from behind by another vehicle. During cross-examination, counsel for Allstate attempted to impeach the testimony of Oh by showing that he made a statement to the investigating officer that he was driving 10 miles an hour at the time of the accident because of hard rain. During the impeachment attempt by counsel for Allstate, the court, after objection by counsel for Oh, instructed the witness, the attorneys and the jury on the law applicable to impeachment by a prior contradictory statement. La.R.S. 15:493. There was no objection to this instruction by any of the parties. During the course of the subsequent cross-examination, Oh did not deny making the contradictory statement. Thereafter, counsel for Allstate attempted to ask additional questions of Oh concerning the giving of the statement. Counsel for Oh objected. This objection was sustained by the trial judge. During the course of this dialogue, counsel for Allstate indicated that: "I'm trying to impeach this man's testimony." The court responded that: "You've done that." The court thereafter indicated that since Oh admitted making the statement, that counsel for Allstate could not go over that testimony again. Thereafter, the trial judge retired the jury and made additional comments to the attorneys concerning the law. During this entire time, no objection was made by counsel for Oh to either the statement by the court or the ruling of the court (the court sustained the objection of counsel for Oh).
Failure to object to an error in a trial court at the time it is made constitutes a waiver of the right to complain of the error on appeal. Temple v. Liberty Mutual Ins. Co., 330 So.2d 891 (La.1976); Belaire v. Vanderbrook, 405 So.2d 1143 (La.App. 1st Cir.1981), writs denied 407 So.2d 749 (La. 1981) and 409 So.2d 659 (La.1982). By failing to object to the statement of the trial judge at the time it was made, Oh waived his right to assert the statement as error on this appeal. Further, the reasons given by a trial judge in a jury's presence for his rulings on objections, for admitting or excluding evidence, or explaining the purpose for which evidence is offered or admitted, are not objectionable as comments or expressions of an opinion on the evidence provided they are not unfair or prejudicial to the party complaining. State v. Williams, 397 So.2d 1287 (La.1981); State v. Schouest, 351 So.2d 462 (La.1977). In the instant case, the trial judge was merely explaining to counsel for Allstate why he had sustained the objection of counsel for Oh concerning his repeated questioning about the prior inconsistent statement after it was admitted.

*1081 IV. CONCLUSION
For the foregoing reasons, the judgment of the trial court is correct and is affirmed at the appellant's costs.[2]
AFFIRMED.
NOTES
[1] It appears from the record that the plaintiff's correct name is Chang H. Oh, rather than Change H. Oh, as appears in the caption.
[2] The appellant did not assign as error the verdict of the jury determining that the defendant was not liable. Since that issue was not raised by a specification of error, this court will not review it in this appeal. Rule 1-3, Uniform Rules, Courts of Appeal; Harrison v. South Central Bell Telephone Company, 390 So.2d 219 (La.App. 3rd Cir.1980), writ denied 396 So.2d 900 (La.1981).