ROBERT M. MURPHY, Judge.
| gPlaintiff-appellant, Heather F. Wilson (Gracianette), appeals the trial court’s judgment on a motion to modify child custody. The trial court granted the defendant-appellee’s motion, designating the child’s father, Robert N. Wilson, Jr., as the primary domiciliary parent. ' For the following reasons, we affirm the trial court’s judgment.
FACTS AND PROCEDURAL HISTORY
Heather F. Wilson (“Ms. Gracianette”), and Robert N. Wilson, Jr., were granted a judgment of divorce on October 3, 2007. The parties entered into a consent judgment on May 18, 2007, regarding custody of their minor child, Speed, now 12 years old. Ms. Gracianette was granted sole legal and physical custody of Speed, and Mr. Wilson was granted liberal visitation privileges as mutually agreed upon by the parties.
At the time of the divorce, both parties resided in St. Charles Parish. Thereafter, Ms. Gracianette established her residence in New Orleans, Louisiana, and enrolled Speed at Edward Hynes Charter School in Orleans Parish. Mr. Wilson established *343 his residence in Metairie, Louisiana, within Jefferson Parish.
_JjOn April 29, 2010, the parties agreed in a consent judgment to share joint custody of Speed, with Ms. Gracianette being designated as the domiciliary parent. Mr. Wilson was given liberal visitation privileges at set times designated by the parties.
On April 28, 2014, Ms. Gracianette moved her residence from New Orleans to Covington, Louisiana. According to Ms. Gracianette’s testimony, she informed Mr. Wilson the previous day, on April 27, 2014, that she was moving to Covington. Ms. Gracianette enrolled Speed at Fontaine-bleau Junior High in St. Tammany Parish.
On June 16, 2014, Mr. Wilson filed a Motion to Modify Child Custody Judgment with Rule to Show Cause in the Twenty-Ninth Judicial District Court, requesting that the April 29, 2010 judgment be modified and that he be designated as the domiciliary parent. Ms. Gracianette replied, filing oppositions to the motion to modify child custody on July 24, 2014 and July 28, 2014.
After a hearing on August 20, 2014, the District Court ordered that the parties maintain joint custody of the child, with Mr. Wilson being designated as primary domiciliary parent. The parties were ordered to determine a future custody schedule between themselves. Additionally, it was ordered that the child be allowed to re-enroll at Edward Hynes Charter School, should the proper clearances be obtained from the affected school districts. This decision is the subject of Ms. Gracian-ette’s appeal.
At trial, Mr. Wilson presented a waiver from the Orleans Parish School Board, that in effect would allow Speed to attend the Edward Hynes Charter School he had attended prior to Ms. Gracianette’s move, although neither of the child’s parents still resided in Orleans Parish. Ms. Gracian-ette subsequently had the waiver rescinded on the basis that “incomplete information was provided.”[1]
| ASSIGNMENTS OF ERROR
1. The trial court erred in its legal interpretation of the case by applying parts of the relocation statute La. R.S. 9:355.4 et seq. to Ms. Gra-cianette’s move, as opposed to solely using the “best interest of the child” analysis under La. C.C. art. 134. Further, it appeared that the trial court put the burden on the mother to show why the best interests of the child were served by the move, which is an improper interpretation of La. C.C. art. 134.
2. The trial court erred and abused its discretion when it allowed an expedited trial and did not allow opening or closing statements. The trial court erred and abused its discretion when it gave such heavy weight to the minor child’s preference. The trial court erred and abused its discretion by interviewing the minor child in chambers without either party’s, counsel present or a video record being made. The trial court erred and abused its discretion when it created an “Interim Order” that would require a school to countermand the Parish Superintendent’s Office when they are not a party to the proceeding.
3. The trial court erred and committed manifest error when it ignored and *344 ruled contrary to the evidence entered into the record that Ms. Gra-eianette had a support system in her new town of no less than five named family members. The trial court erred and committed manifest error when it ignored and ruled contrary to the evidence entered into the record that Ms. Gracianette is the more capable parent when it comes to her minor son’s health care. The trial court erred and committed manifest error when it found that Ms. Gra-cianette does not understand or support her son’s medical condition and that the minor son’s medical condition may only be due to the child’s environment.
4. The trial court erred in giving weight to the evidence of the inter-district school waiver.
STANDARD OF REVIEW
In most child custody cases, the trial court’s rulings are based heavily on its factual findings. Palazzolo v. Mire, 08-0075 (La.App. 4 Cir. 1/7/09), 10 So.3d 748, 768. The trial judge is in the best position to ascertain the best interest of the child based on the particular circumstances in the particular ease, and therefore, the trial court’s custody determination is entitled to great weight. Id; McKenzie v. Cuccia, 04-0012 (La.App. 4 Cir. 6/23/04), 879 So.2d 335, 338, citing Thompson v. Thompson, 88-1477 (La.10/14/88), 532 So.2d 101; Foshee v. Foshee, 12-1358 (La.App. 4 Cir. 8/28/13), 123 So.3d 817, 820. Appellate courts will not disturb a trial court’s custody award absent manifest abuse of discretion. Leard v. Schenker, 09-1438 (La.App. 4 Cir. 3/24/10), 35 So.3d 1152, 1154 (citing Revision Comments-1993 to La. C.C. art. 134, Comment (b)).
DISCUSSION

Best Interest of the Child

Each child custody case must be viewed in light of its own particular set of facts and circumstances, with the paramount goal of reaching a decision that is in the best interest of the child. McCormic v. Rider, 09-2584 (La.2/12/10), 27 So.3d 277, 279, citing Barberousse v. Barberousse, 556 So.2d 930, 931 (La.App. 3 Cir. 1990). This principle was codified in La. C.C. art. 131, stating that “the court shall award custody of a child in accordance with the best interest of the child.” To aid courts in making this factual determination, La. C.C. art. 134 enumerates twelve factors for the court to consider:
(1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
*345 (10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.
In her appeal, Ms. Gracianette alleges that the trial court did not consider all of the relevant factors enumerated in La. C.C. art. 134, and did not give any weight | fito her testimony.[2] However, the court is not required to analyze mechanically all twelve factors; rather the court should balance and weigh the factors in view of the evidence presented. Palazzolo, 10 So.3d at 769-770. In addition, these factors have been construed to be nonexclusive, and the trial court has the discretion to determine the relative amount of weight to be given each factor. Penn v. Penn, 09-213 (La.App. 5 Cir. 10/27/09), 28 So.3d 304, 308.
Ms. Gracianette further argues in her assignments of error that the trial court committed manifest error when it ignored and ruled contrary to evidence that she had a sufficient support system in Coving-ton and was the more capable parent relative to her son’s healthcare.[3] Ms. Gra-cianette’s move to St. Tammany Parish created a notably greater distance between the child, his father, and the community of people he had become accustomed to in Orleans Parish and Jefferson Parish. The court’s assessments of the community, environment and structure provided by each parent are in sync with the factors to be evaluated in determining the best interest of the child.[4] These are factual findings by the trial court, and, as stated above, great deference is given to the trial court as the trial judge is in the best position to ascertain the best interest of the child based on the particular circumstances in the particular case. Palazzolo, 10 So.3d at 768; McKenzie, 879 So.2d at 338; Foshee, 123 So.3d at 820. Therefore, we do not find that the trial court committed manifest error in its assessment of the evidence on these issues.
Ms. Gracianette also argues in her assignments of error that the trial court erred in applying parts of the relocation statute La. R.S. 9:355.4 et seq. to her move. However, a review of the record does not reveal any evidence to support the allegation that the court applied the aforementioned statute, as opposed to applying the factors provided in La. C.C. art. 134. There was also no objection at |7trial regarding the court’s alleged improper application of the relocation statute. The failure to object to an error in a trial court at the time it is made constitutes a waiver of the right to complain of the error on appeal. State ex rel. J.B. v. J.B., 35,846 (La.App. 2 Cir. 2/27/02), 811 So.2d 179, 183, citing Oh v. Allstate Ins. Co., 428 So.2d 1078, 1080 (La.App. 1 Cir.).

Burden of Proof

Ms. Gracianette alleges in her assignments of error that the trial court improperly placed the burden of proof on her, the respondent, “to show why the best interests of the child were served by the move.” Mr. Wilson, the proponent of the *346 request for modification of custody, had the burden of proving: (1) a material change in circumstances affecting the welfare of the child; and (2) that the proposed modification would be in the best interest of the child. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d, 731, 738; Richard v. Richard, 09-0299 (La.App. 1 Cir. 6/12/09), 20 So.3d 1061, 1067. Once the proponent makes a prima facie case establishing these two factors, the burden shifts to the other parent to present countervailing evidence sufficient to overcome the proponent’s prima, facie showing. Richard, supra. Therefore, Ms. Gracianette had the burden of presenting evidence sufficient to overcome Mr. Wilson’s showing that the modification of custody would be in the best interest of the child. There is no evidence in the record to suggest that the court imposed any higher of a burden than was required by law.

Trial Procedure

Ms. Gracianette alleges that the trial court erred and abused its discretion by granting an “early” trial date on August 20, 2014, the day before the start of classes at Edward Hynes Charter School, based on Mr. Wilson’s allegedly fraudulent obtainment of the inter-district school waiver. However, the record does not support Ms. Gracianette’s allegation that the trial was rescheduled based' on the |swaiver. The record reflects that, by order of the trial court on August 5, 2014, the hearing was reset due to a “scheduling conflict with the Court’s calendar.”
Ms. Gracianette further alleges that the trial court erred and abused its discretion in not allowing opening or closing statements. There is no evidence in the trial court transcript of an objection to the exclusion of opening or closing statements. Therefore, the right to complain of the error on appeal has been waived. State ex rel J.B., 811 So.2d at 183; Oh, 428 So.2d at 1080.

Preference of the Child

Prior to the commencement of trial, Speed was interviewed by the judge in his chambers, and the interview was transcribed by the court reporter. When asked his preference, Speed replied that he would prefer to live with Mr. Wilson:
THE COURT:
You do realize that this is not your decision, it’s my decision?
THE CHILD:
I understand.
THE COURT:
I’m saying that because there is no pressure on you.
THE CHILD:
Okay.
THE COURT:
If you had a choice where to • live, where would you live?
THE CHILD:
Probably, with my dad, definitely.
THE COURT:
Because?
lnTHE CHILD:
I’ve been living with my mom. I wanted to live with my dad for a while. If not, I wouldn’t be able to go to my school there. If not, then I would never get to play with my best friends in the whole world.
Ms. Gracianette takes issue with the fact that the interview was conducted without the presence of either party’s counsel. She cites this Court’s holding in Watermeier v. Watermeier, 462 So.2d 1272, 1275 (La.App. 5 Cir.), writ denied, 464 So.2d 301 (La.1985), that the interview of a child must be conducted in chambers and in the presence of the parties’ attorneys, acting only as observers once the judge has de *347 termined that the child is competent. This Court further held in Watermeier, however, that it was not the intent or direction of the court that the procedure is ordained or mandatory when there is no objection from either side regarding the examination of any child by the judge. Id. In such a case, the trial' judge may examine any child or witness in chambers, on or off the record, and with or without parents and/or counsel being present. Id.
In the transcript of the trial at issue, it is clear that, immediately prior to the interview, the judge confirmed with Ms. Gra-cianette’s attorney that he would be speaking with the minor child, and no objection was made. As the parties were given an opportunity to object regarding the examination of the child and no objections from either side were noted, we find no error in the actions of the court.
Ms. Gracianette further argues in her appeal that the tidal court “gave very heavy weight and almost based it’s [sic] entire decision” on the child’s preference. Ms. Gracianette alleges that the child was “conditioned [by his father] to say what his father wanted to hear,” and the trial court abused its discretion in weighing-the minor child’s preference.
La. C.C. art. 134(9) cites the reasonable preference of the child as a factor to be weighed by the court in determining the best interest of the child, if the court Imdeems the child to be of sufficient age to express a preference. The trial court has broad discretion in deciding whether to allow the testimony of a child. Bowden v. Brown, 48,268 (La.App. 2 Cir. 5/15/13), 114 So.3d 1194, 1205. The purpose of the in-chambers interview is to determine the child’s preference outside the presence of the parents. Id. The child was asked by the court if either Ms. Gracianette or Mr. Wilson told him what to say in the interview, and the child replied that they had not. Accordingly, we do not find that the trial court abused its discretion in weighing the child’s preference in determining the best interests of the child.

The Inter-District School Waiver

Ms. Gracianette argues in her assignments of error that the trial court erred in giving weight to the evidence of the inter-district school waiver after it was rescinded by the Orleans Parish School Board. Ms. Gracianette had the waiver rescinded on the basis that Mr. Wilson obtained the waiver by providing “incomplete” information. Ms. Gracianette asserts in her appeal that Mr. Wilson’s actions, supplying incorrect information to obtain the waiver, constitute fraud, and therefore, the judgment should be nullified.[5]
La. C.C.P. art. 2004 provides that a final judgment obtained by fraud or ill practices may be annulled. The criteria for annulling a judgment are: (1) that the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief; and (2)' that the enforcement of the judgment would have been unconscionable and inequitable. Johnson v. Jones-Journet, 320 So.2d 533, 537 (La.1975). “Deprivation of a legal right” is defined as “conduct which prevents an opposing party from having an opportunity to appear or to assert a defense.” Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983). Upon review, we do not find that Ms. Gracianette was' deprived of a Inlegal right, as she was provided the opportunity *348 to address the issue in the trial court. We also do not find that the trial court’s judgment was unconscionable or inequitable. Accordingly, we do not agree that the judgment should be nullified.
Ms. Gracianette also contends in her assignments of error that the trial court abused its discretion in issuing the “Interim Order” allowing Speed to re-enroll at Edward Hynes Charter School.[6] Specifically, Ms. Gracianette alleged abuse of discretion by the court in “creating an order that would require a school to countermand the [Orleans] Parish [superintendent's [o]ffice when they are not a party to this proceeding.” The court’s ruling stated that Speed was allowed to re-enroll in the Orleans Parish school “should the proper clearances be obtained from the affected school districts.” In the absence of obtaining the proper clearances, Speed was allowed to enroll in any appropriate school in Jefferson Parish. The court’s ruling was conditional on the approval of the school district, and therefore did not require the school to repudiate the orders of the superintendent’s office. The trial court is vested with broad discretion in deciding child custody cases, and great deference is accorded to the decision of the trial court. Givens v. Givens, 10-680 (La.App. 1 Cir. 12/22/10), 53 So.3d 720, 726. Accordingly, we do not find that the court abused its discretion in allowing the child the option to re-enroll in his former school.
DECREE
For the foregoing reasons, we find that the trial court did not commit manifest abuse of discretion in its judgment to modify the custody agreement, decreeing that the parties maintain joint custody of the minor child and designating Mr. Wilson as the primary domiciliary parent. Therefore, we affirm the judgment of the trial court.

AFFIRMED

. The waiver stated that “both parents [had] agreed that the father will become the domicile parent.”

. Ms. Gracianette makes this argument in her appeal, but it is not listed as an assignment of error.

. No evidence, case law or statutes were provided to support this argument.

.In reciting its findings, the trial court noted that, because the child had been diagnosed with Attention Deficit Disorder (ADD), he would be better served by living with one parent who could provide "consistency.”

. Citing Belle Pass Terminal, Inc. v. Jolin, Inc., 01-0149 (La. 10/16/01), 800 So.2d 762, 769. "When judgments are obtained with fraud or ill practices, courts are obliged to strike down those judgments.”

. No case law or statutes were provided to support this argument.