Judge Madeleine M. Landrieu
| ¾ This appeal involves a child custody determination. In the trial court’s original judgment, the mother and father were awarded joint custody of their minor child, designating the father as the domiciliary parent and setting forth a visitation schedule. In a second judgment rendered in response to the mother’s motion for new trial, the trial court granted the motion only to expand the amount of visitation time allowed to the mother, but did not grant her motion for new trial on the issue of her request for shared physical custody of the minor child. The mother now appeals both judgments.
Lesley Anne Brown and Troy Chategnier were married on October 17, 2009. One child was born of the marriage, a son, L.C., born on October 25, 2010.[1] During the marriage, the parties resided in Me-tairie until October 2012, and then relocated to Belle Chasse until they separated in April 2013. When the parties separated, Mr. Chategnier moved to Kenner to live with his parents. Ms. Brown filed for divorce on January 14, 2014, asking that the parties be granted joint | gcustody of L.C., with Ms. Brown designated as the primary domiciliary parent. Mr. Chategnier answered Ms. Brown’s petition, and filed a reconventional demand, seeking sole custody of L.C., and alternatively seeking joint custody of L.C., with Mr. Chategnier designated as the domiciliary parent. An interim custody judgment signed on April 14, 2014 granted joint custody of L.C. to Ms. Brown and Mr. Chategnier, with Ms. Brown designated as the domiciliary par *413 ent. A judgment of divorce was signed on August 18,2014.
Following trial on the issue of custody of L.C., the trial court rendered judgment on August 19, 2015, ordering that Ms. Brown and Mr. Chategnier shall have joint custody of L.C. The judgment designated Mr. Chategnier as the domiciliary parent, and included a detailed visitation schedule.
Following rendition of the August 19, 2015 judgment, Ms. Brown filed a motion for new trial, arguing that the judgment is contrary to the law and evidence, and that the parties should be awarded shared physical custody of L.C. After a hearing on the motion for new trial, the trial court rendered judgment on October 28, 2015, granting the motion only as to the issue of the amount of visitation time granted to Ms. Brown. The trial court amended the visitation schedule by increasing the amount of time Ms. Brown has with L.C. The trial court otherwise denied the motion for new trial. Ms. Brown now appeals the August 19, 2015 and October 28, 2015 judgments.
Ms. Brown first argues that the trial court committed manifest error in relying on his preconceived notions about Ms. Brown and on the evaluator’s | .^reports in rendering his decision. She argues that the trial court made comments during trial that demonstrated a bias against Ms. Brown and in favor of Mr. Chategnier. Specifically, Ms. Brown refers to several instances at trial when the trial court stated that Mr. Chategnier was “winning” on certain points.
A review of the record reveals that Ms. Brown did not contemporaneously object when the trial court stated that Mr, Chategnier was “winning” on certain points at trial, or raise the issue of the trial court’s alleged bias at any time prior to the entry of judgment. Therefore, Ms. Brown failed to properly preserve this issue for review on appeal. Williams v. Griffith, 14-690, p. 5 (La.App. 5 Cir. 4/15/15), 170 So.3d 265, 267-268 (mother in custody case failed to raise allegation ->of trial court’s bias at trial level; therefore, issue was not properly preserved for review on appeal.)
Even if Ms. Brown had contemporaneously objected to the trial court’s comments or raised the issue of the trial court’s alleged bias at trial, we would find this argument to be without merit. The transcript shows that the trial court’s statements that Mr. Chategnier was “winning” or that there was “no need to beat a dead horse” were made to Mr. Chategnier’s counsel to express the trial court’s view that counsel had already offered sufficient proof on certain issues. The trial court was merely expressing his exasperation with counsel for Mr.' Chategnier for continuing to conduct repetitive questioning on matters that had already been established. The record does not show that the trial court had any bias in favor of or against either party.
14As for the trial court’s reliance on the reports of the court-appointed evaluator, Dr. Rafael Salcedo, Ms. Brown correctly states that the reports were not formally introduced into evidence by either party and that Dr. Salcedo was not called to testify at trial. Even though the reports were not formally introduced into evidence, the trial court made clear at trial that the reports were being admitted as evidence.[2] He should not have done so. “Generally, a report prepared by an expert is not admissible because it is hearsay.” Baker v. Harrah’s, 2015-0229, p. 10 (La. *414 App. 4 Cir. 3/9/16), 190 So.3d 379, 388. The opinion of an expert appointed by the court is not exempt from this rule.[3] However, counsel for Ms. Brown did not object at trial when the trial court stated on several occasions that he was considering the evaluator’s reports in making his decision as to custody. “Failure to object to hearsay evidence when admitted at trial constitutes a waiver of the right to object to its admissibility, and such evidence may be considered and given probative effect.” Walley v. Vargas, 2012-0022, p. 15 (La. App. 1 Cir. 9/21/12), 104 So.3d 93, 104. Because Ms. Brown did not object at trial to the trial court’s admission of this hearsay evidence, she waived her right to argue on appeal that this evidence should not have been considered. See La. C.E. art. 103(A)(1).
Ms. Brown also argues that the trial court erred in “switching primary domiciliary parent from the mother to the father and reducing the mother’s custodial periods.” We first note that the trial court’s August 19, 2015 judgment | fiwas not a modification of an existing custody judgment, but was the initial setting of custody. The April 14, 2014 judgment designating Ms. Brown as the domiciliary parent was an interim judgment only.
“The primary consideration in a determination of child custody is the best interest of the child.” Mulkey v. Mulkey, 2012-2709, pp. 9-10 (La. 5/7/13), 118 So.3d 357, 364, citing La. C.C. art. 131. A trial court’s custody determination is entitled to great weight and will not be disturbed on appeal absent a clear showing of abuse of discretion. McKenzie v. Cuccia, 2004-0112, pp. 3-4 (La.App. 4 Cir. 6/23/04), 879 So.2d 335, 338. (citations omitted.) The nonexclusive factors to be considered in determining the best interest of the child are set forth in La. C.C. art. 134, as follows:
(1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
|R(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.
Dr. Rafael Salcedo, a forensic psychologist, conducted psychological evaluations of the parties, and also interviewed L.C.’s *415 maternal grandmother and his paternal grandmother and grandfather. He also observed L.C. interacting with each of his parents. Dr. Salcedo issued his initial report on September 29, 2014, and issued an updated report on April 28, 2015, after conducting additional interviews with and examinations of Ms. Brown and Mr. Cha-tegnier. In both reports, Dr. Salcedo noted the high degree of conflict and acrimony between Ms. Brown and Mr. Chategnier, and the record before us is replete with evidence of that conflict and acrimony in the form of emails, text messages and trial testimony.
In his initial report, Dr. Salcedo recommended to the trial court that serious consideration be given to a shared custody arrangement, while noting that a determination of the best interest of the child is a decision for the trial court to make. Dr. Salcedo found no significant difference between the parties on most of the factors set forth in La. C.C. art. 134. However, in Dr. Salcedo’s opinion, two of the factors weigh in Mr. Chategnier’s favor: that L.C. appears to have stronger emotional ties and bonding with Mr. Chategnier than he has with Ms. Brown, and that Mr. Chateg-nier is considerably more likely than Ms. Brown to facilitate and encourage a close and continuing relationship between L.C. and his other parent. In his updated report, Dr. Salcedo stated that a high degree of rigidity and acrimony still existed between Ms. Brown and Mr. Chategnier, and reiterated his recommendation that an arrangement whereby L.C. is shared equally by both parents might provide the least amount of conflict.
|7The trial court did not implement Dr. Salcedo’s recommendation of shared physical custody of L.C., and did not issue written reasons for judgment. In arguing that the trial court erred in not ordering that the parties equally share physical custody of L.C., Ms. Brown relies on La. R.S. 9:335(A)(2)(b), which states that when joint custody is decreed, “[t]o the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.”
At trial, both parties described the differences they had with each other regarding issues related to L.C.’s care, and testimony was given regarding objectionable behavior on the part of both parties. When recounting details of the period following the parties’ separation until the date of trial, Ms. Brown testified that Mr. Chateg-nier has been uncooperative and inflexible, and Mr. Chategnier testified that Ms. Brown has been untruthful and manipulative. Dr. Salcedo noted similar traits in these parties in his updated report of April 28, 2015.
Mr. Chategnier testified that Ms. Brown has failed to notify him of medical appointments and extracurricular activities involving L.C., and has sometimes thwarted Mr. Chategnier’s attempts to communicate with L.C. while the child was in Ms. Brown’s custody. Mr. Chategnier testified that he provided most of the care for L.C. during the marriage, whereas Ms. Brown said that the parties shared the responsibilities of child care. Ms. Brown testified that she has been flexible with Mr. Cha-tegnier as to L.C.’s schedule, e.g. allowing Mr. Chategnier extra days during holidays, but Mr. Chategnier has not been willing to be flexible with her when L.C. is in his custody.
The testimony of the parties shows that they have significant problems communicating with each other with regard to the care of their child. Most of the ^testimony of Ms. Brown and Mr. Chateg-nier involved exhaustive detail of the alleged shortcomings of the other. At the conclusion of trial, the trial court took the matter under advisement, but noted the *416 extreme amount of animosity and tension between the parties that was apparent at trial, and commented that the parties have not shown a willingness to work, together to raise their child. Based on the high level of conflict and lack of cooperation and communication between Ms. Brown and Mr. Chategnier since their separation, the trial court apparently found that equal sharing of physical custody of L.C. is not feasible and/or is not in the best interest of the child. Given the trial court’s discretion in a child custody determination, we cannot say the court abused its discretion in not ordering that the parties equally share physical custody of L.C.
On the issue of the designation of the domiciliary parent, Dr. Salcedo’s report included his opinion that L.C. has stronger emotional ties and bonding with Mr. Chategnier than with Ms. Brown, and that the past behavior of the parties suggests that Ms. Brown is significantly less willing than Mr. Chategnier to facilitate and encourage a close and continuing relationship between L.C. and his other parent. Mr. Chategnier and his mother testified as to the strong connection L.C. has with his paternal grandparents and other family friends in Kenner, Because the record supports the trial court’s decision to designate Mr. Chategnier as the domiciliary parent instead of ordering a shared physical custody arrangement between Ms. Brown and Mr. Chategnier, we will not disturb this decision on appeal.
Counsel for Mr. Chategnier included in her appeal brief a motion to strike unsupported factual allegations from the brief filed on behalf of Ms. Brown. We deny the motion. Counsel for Mr. Chateg-nier also filed a request for attorney’s 19fees for frivolous appeal in her appeal brief. Because Mr. Chategnier neither appealed the trial court judgment nor answered the appeal, we are precluded from modifying the judgment to award attorney’s fees. La. C.C.P. art. 2133.
For the reasons stated above, we affirm the trial court judgments of August 19, 2015 and October 28, 2015,
AFFIRMED

. We are using the initials of the minor child to protect his privacy. Rules 5-1 and 5-2, Uniform Rules — Courts of Appeal.

. At one point, the trial court stated: "The other thing I don’t understand is the report— because it’s going to be in evidence. It’s my report from the doctor. Okay?”

. A witness so appointed shall advise the parties of his findings, if any; his deposition may be taken by any party; and he may be called to testify by the court or any party.