JAMES F. MCKAY III, CHIEF JUDGE
In this child custody case, defendant, Krissy Singleton Evans (currently "Mrs. Brumfield"), appeals the trial court's April *122 28, 2017 judgment, rendered in connection with her motion for modification of custody and motion for contempt against plaintiff, Ronald Evans, Jr. ("Mr. Evans"). For the reasons set forth below, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
Mr. Evans and Mrs. Brumfield were married in 2005, and divorced in 2012. They have a twelve-year-old son. Mr. Evans lives in Houston, Texas; Mrs. Brumfield lives in New Orleans, Louisiana.
Pursuant to an emergency petition for custody, Mr. Evans was given interim custody of the child on July 29, 2013. On October 14, 2013, the parties entered into a written stipulation, agreeing to joint custody with Mr. Evans designated as the domiciliary parent. Mrs. Brumfield was given liberal visitation. The stipulated decree further provided that Mrs. Brumfield's then boyfriend, now husband, Jarrod Brumfield ("Mr. Brumfield"), shall not be alone with the child without adult supervision and shall not inflict corporal punishment on the child. This stipulation was made in connection with Mr. Brumfield's admission that he spanked the child on two or three occasions. In accordance with the parties' stipulations, the court signed an Interim Judgment on October 24, 2013.
On April 9, 2014, Mrs. Brumfield sought to modify custody. After a hearing on April 15, 2014, the trial court amended aspects of visitation but maintained domiciliary status with Mr. Evans.
On December 23, 2014, Mrs. Brumfield filed a motion to modify custody seeking domiciliary status, a motion to appoint an independent evaluator, and a motion for contempt against Mr. Evans for failing to abide by the visitation schedule. The matters were set for April 9, 2015. In connection with that proceeding, the parties entered into a written stipulation to amend the visitation schedule. No ruling was made at that time in connection with Mrs. Brumfield's motion to modify custody.
On June 4, 2015, the parties appeared before the court on various motions. The trial court rendered multiple judgments on June 23, 2015, appointing Diedre D. Hayes ("Ms. Hayes") as an independent evaluator, amending the visitation schedule, and continuing all other motions filed by Mrs. Brumfield.
On August 25, 2015, Mrs. Brumfield filed a rule for contempt against Mr. Evans for failure to participate with the court appointed evaluator. Judgment was rendered on September 28, 2015, finding Mr. Evans in contempt of court for failing to comply with the court's orders, in that he failed to schedule his sessions with Ms. Hayes.
On March 8, 2016, Mrs. Brumfield filed an emergency motion for a status conference and expedited rule for contempt. Mrs. Brumfield alleged therein that Mr. Evans failed to complete the court ordered evaluation. Additionally, she alleged that Mr. Evans continued to interfere with the court ordered visitation, and that such interference was grounds for modification of the custody decree pursuant to La. R.S. 9:346(H). The matter was set for May 5, 2016, but was continued.
On May 12, 2016, Mrs. Brumfield filed another rule for contempt against Mr. Evans for his failure to abide by the visitation schedule. The parties appeared before the court on July 7, 2016. Mrs. Brumfield testified that she had not been allowed to visit with her son since February 7, 2016. She indicated that Mr. Evans informed her that he was not allowing visitation due to an ongoing investigation being conducted by the Houston Police Department and Child Services in Texas. She was told by the authorities that her son alleged that Mr. Brumfield attempted to sexually assault *123 him during the visit to Houston on the weekend of February 5 through 7, 2016. Mrs. Brumfield acknowledged that the Houston Police Department investigation was still pending, but introduced a document to show that Child Services completed their investigation and ruled out any abuse. Mrs. Brumfield also testified that Mr. Brumfield was not in Houston during that weekend. Mr. Brumfield testified that he was in New Orleans on the weekend in question.
In connection with the July 7, 2016 hearing, a judgment was rendered August 8, 2016, finding Mr. Evans in contempt of court for failure to comply with the court ordered visitation. Mr. Evans was ordered to post a $1,500.00 bond to ensure his compliance with the orders of the court. He was also ordered to pay Mrs. Brumfield's attorney's fees and costs incurred in connection with a failed attempt to visit the child in Houston. Mrs. Brumfield's request for an immediate modification of custody was denied.
On July 26, 2016, Mrs. Brumfield filed an emergency request for modification of custody and a rule for contempt against Mr. Evans for failure to abide by the court ordered visitation schedule. The parties appeared before the court on October 19, 2016. Judgment was rendered November 9, 2016, denying Mrs. Brumfield's request for immediate modification of custody. Trial on the modification of custody was continued pending the completion of Ms. Hayes' report. Mr. Evans was found in contempt of court and ordered to post a $1,500.00 bond to ensure his compliance with the visitation orders. Mr. Evans was ordered to pay attorney's fees and costs to Mrs. Brumfield. Mr. Evans was also ordered to purge himself of the prior contempt adjudications by paying the amounts ordered in the August 8, 2016 judgment.
On December 2, 2016, Mrs. Brumfield filed another rule for contempt, alleging that Mr. Evans failed to pay attorney's fees and costs, and failed to post bond as ordered in the August 8, 2016, and November 9, 2016 contempt judgments. On December 19, 2016, the trial court and the parties received Ms. Hayes' evaluation report.
The motion to modify custody and the motion for contempt came for trial on March 13, 2017. The court heard testimony from Mr. Evans, Mrs. Brumfield, Mr. Brumfield, Emika Singleton (Mrs. Brumfield's sister-in-law), and Connie Singleton Johnson (Mrs. Brumfield's sister). Notably, Ms. Hayes was not called to testify, and her custody evaluation report was not introduced into evidence.
Following submission of the case for post-trial briefing, the trial court rendered judgment on April 28, 2017, awarding joint custody to the parties, with Mr. Evans designated as the domiciliary parent. Essentially, the judgment denied Mrs. Brumfield's motion to modify custody. The judgment further granted Mrs. Brumfield's rule for contempt, sentencing Mr. Evans to incarceration in Orleans Parish Prison for five days, with a suspension of the sentence. Attorney's fees and costs were not awarded to Mrs. Brumfield. Mrs. Brumfield's timely appeal of the April 28, 2017 judgment followed.
On appeal, Mrs. Brumfield asserts that the trial court erred in: 1) relying on the report of the court appointed evaluator that was not introduced into evidence; and 2) failing to award attorney's fees and costs pursuant to La. R.S. 9:346 and La. R.S. 13:4611, after finding Mr. Evans in contempt of court.
LAW AND ANALYSIS
In Bonnette v. Bonnette , 2015-0239, pp. 12-13 (La. App. 4 Cir. 2/17/16), 185 So.3d 321, 329, this Court explained *124 the standard of review in child custody cases as follows:
A district court's determination in modifying custody "is entitled to great weight and will not be disturbed absent a clear showing of abuse of discretion." Schmidt v. Schmidt , 2008-0263, p. 9 (La. App. 4 Cir. 2/11/09), 6 So.3d 197, 203. "An appellate court may not set aside a trial court's finding of fact in the absence of 'manifest error' or unless it is 'clearly wrong.' " Id. ; see also, Mimms v. Brown , 2002-1681, p. 11 (La. App. 4 Cir. 9/3/03), 856 So.2d 36, 43 ; AEB v. JBE , 99-2668 (La. 11/30/99), 752 So.2d 756, 761. However, when an "error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo ." Evans v. Lungrin , 97-0541 (La. 2/6/98), 708 So.2d 731, 735. If "the legal error does not affect all the [fact-finder's] findings, the appellate court should confine its de novo review to only those findings that have been interdicted by the error." Banks v. Children's Hosp. , 2013-1481, p. 13 (La. App. 4 Cir. 12/17/14), 156 So.3d 1263, 1272, citing Picou v. Ferrara , 483 So.2d 915, 918 (La.1986) ; Lam ex rel. Lam v. State Farm Mut. Auto. Ins. Co. , 2005-1139, p. 3 (La. 11/29/06), 946 So.2d 133, 135-36.
Assignment of Error No. 1. The trial court erred in relying on the evaluator's report that was not introduced into evidence.
It is undisputed that Ms. Hayes was not called to testify, and her report was not formally introduced into evidence. However, it is evident from the record that the trial court considered the report in rendering her judgment. In doing so, we find that the trial court erred.
"Generally, a report prepared by an expert is not admissible because it is hearsay." Brown v. Chategnier , 2016-0373, p. 4 (La. App. Cir. 12/14/16), 208 So.3d 410, 413-14, (citing Baker v. Harrah's , 2015-0229, p. 10 (La. App. 4 Cir. 3/9/16), 190 So.3d 379, 388 ). Furthermore, we specifically held in Brown , that "[t]he opinion of an expert appointed by the court is not exempt from this rule." Id. at p. 4, 208 So.3d at 414.
In Brown , as in the present case, the court appointed expert was not called to testify and his report was not introduced into evidence. Nevertheless, the trial court made clear at trial that the reports were being admitted as evidence. Because Ms. Brown's counsel did not object to the introduction of the report, we held that she waived her right to argue on appeal that the evidence should not have been considered. Id.
By contrast, it appears from the transcript in the present case that counsel for Mrs. Brumfield made multiple hearsay objections in connection with the evaluator's report. Each time, the court sustained her objection. Nevertheless, the trial court considered the report in making her ruling on custody.
In Mimms v. Brown , 2002-1681, (La. App. 4 Cir. 9/3/03), 856 So.2d 36, Mr. Mimms argued that the trial court erred in not admitting the court appointed evaluator's report into evidence in lieu of her live testimony. At trial, Ms. Brown objected to the admission of the report as inadmissible hearsay, and the trial court did not allow the report into evidence. We found that the report was properly disallowed by the trial court, stating that even though the evaluator was appointed by the court, La. R.S. 9:331 entitled Ms. Brown to cross-examine the expert in *125 court.[1] Id. at p. 14, 856 So.2d at 44.
The law is clear that evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Denoux v. Vessel Mgmt. Services, Inc. , 2007-2143 (La. 5/21/08), 983 So.2d 84, 88. "A trial court cannot render a judgment or ruling that is not based upon pleadings and supporting evidence properly filed in the record, and an appellate court cannot consider pleadings or documents not filed in the trial court." Nuccio v. Robert, 99-1327 pp. 4-5 (La. App. 5 Cir. 4/25/00), 761 So.2d 84, 86-87 (citing Ansalve v. State Farm Mut. Auto. Ins. Co., 95-0211 (La. App. 4 Cir. 2/15/96), 669 So.2d 1328 ).
Here, the record reflects that Mrs. Brumfield's counsel timely objected to the report as hearsay and objected to her client being questioned regarding the report because a foundation had not been laid. She again made a hearsay objection when Mr. Evans was questioned about the findings contained in the report. Each time, the trial court sustained the objections. Mr. Evans' counsel never introduced the report. Thus, based on record before us, we find that the trial judge erred as a matter of law in considering evidence not properly introduced.
Having found legal error in the trial court's consideration of evidence not in the record, we must conduct a de novo review of the entire record on appeal. As the Supreme Court stated:
[W]here one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo .
Evans , 97-0541, pp. 6-7, 708 So.2d at 735 (citations omitted).
Burden of proof in modifying custody:
In Richardson v. Richardson, 2007-0430, pp. 18-19 (La. App. 4 Cir. 12/28/07), 974 So.2d 761, 774, this Court explained the burden of proof to modify child custody as follows:
In Evans v. Lungrin , 97-0541, 97-0577 (La. 2/6/98), 708 So.2d 731, the Louisiana Supreme Court discussed the burden of proof that a party seeking a change in child custody must meet. The general rule is that "the paramount consideration in any determination of child custody is the best interest of the child." Id. at p. 12, 708 So.2d at 738. See also La. C.C. art. 131. The trial judge is in the best position to ascertain the best interest of the child given each unique set of circumstances. See Bagents v. Bagents , 419 So.2d 460 (La.1982). An additional jurisprudential burden is imposed when a change in a considered 15 custody *126 decree is requested. In Evans , the Supreme Court described the burden of proof in that situation. The Supreme Court stated:
When a trial court has made a considered decree of permanent custody, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is "so deleterious to the child as to justify a modification of the custody decree," or of proving by "clear and convincing evidence that the harm likely to be caused by the change of environment is substantially outweighed by its advantages to the child."
97-0541 at p. 13, 708 So.2d at 738 (citation omitted and emphasis in original). See also Fernandez v. Pizzalato , 04-1676, pp. 4-5 (La. App. 4 Cir. 4/27/05), 902 So.2d 1112, 1116-1117.
Additionally in Evans , the Supreme Court stated that when the original custody decree is a stipulated judgment, the heavy burden of proof required for a change in a considered decree is not applicable. When the custody decree sought to be modified is a stipulated decree, the party seeking to modify the decree must prove "(1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child." Evans, supra at p. 13, 708 So.2d at 738 ; Fernandez, supra at p. 5, 902 So.2d at 1116-1117.
In the present case, the October 2013 interim custody decree was a consent judgment, i.e. , a stipulated decree. Thus, Mrs. Brumfield had the burden of proving by a preponderance of the evidence that: 1) there was a material change in circumstances since the prior custody decree; and 2) the proposed modification is in the best interest of the child.
Change in circumstances
La. R.S. 9:346 provides that a parent may be held in contempt for "failure to exercise or to allow child visitation, custody or time rights pursuant to the terms of a court-ordered schedule." La. R.S. 9:346(H) further provides that "[A] pattern of willful and intentional violation of this Section, without good cause, may be grounds for a modification of a custody or visitation decree."
Mrs. Brumfield submits that Mr. Evans' behavior, as evidenced by the numerous contempt orders rendered against him, is grounds for modification of custody pursuant to La. R.S. 9:346(H). She avers that since the rendition of the October 24, 2013 judgment, Mr. Evans has failed to abide by the visitation schedule and has demonstrated an unwillingness to facilitate and encourage a close relationship between Mrs. Brumfield and the child.
As set out in detail above, Mr. Evans has been found in contempt of court on multiple occasions for failing to abide by the visitation schedule. At the March 13, 2017 trial, Mrs. Brumfield testified, and produced a log, regarding the missed visitations and missed telephone calls with her son. She further explained that she was not allowed to visit with her son from February to October of 2016. However, Mrs. Brumfield did state that since the October 2016 hearing, Mr. Evans was basically in compliance with the court ordered visitation.
Mr. Evans testified that his refusal to allow Mrs. Brumfield's visitation was due to his concern for his son's safety in light of the child's allegations of abuse against Mr. Brumfield. He stated that he did not allow visitation between February and October of 2016 due to the ongoing abuse investigation by the Houston Police Department.
*127 Mr. Evans stated that his son reported the attempted sexual abuse to him when he returned from visiting with his mother on Sunday, February 7, 2016. He stated that Mrs. Brumfield picked the boy up at school on Friday February 5, 2016, and brought him to the hotel in Houston where she was staying for the weekend. Mr. Evans stated that his son reported that the abuse occurred when Mr. Brumfield came to the hotel sometime after 9:00 p.m. on Friday night. In response, Mr. Evans brought his son to the Houston Police Department to be interviewed, and an investigation was initiated. Mr. Evans testified that the detective on the case advised him not to release his son to Mrs. Brumfield. He confirmed, however, that he had nothing in writing to verify this assertion. Charges were never filed in connection with the investigation. Mr. Evans testified that he believed his son's account of the incident.
Mrs. Brumfield testified that the February 2016 abuse allegation against her husband was unsubstantiated and that it was orchestrated by Mr. Evans to restrict her visitation. She confirmed, however, that the Houston Police Department and Texas Child Services interviewed her and Mr. Brumfield regarding the child's allegations.
Mr. Brumfield testified that he was not in Houston on the weekend of February 5, 2016. He presented documentation showing that he was in New Orleans during that weekend. He explained that he attended the Zulu ball on February 5, 2016, and stayed at the Sheraton Hotel in New Orleans that night. Erika Singleton, Mrs. Brumfield's sister-in-law, testified that she saw Mr. Brumfield in New Orleans late on Saturday night of February 6, 2016.
Regarding the accusations that Mr. Brumfield spanked the child in 2013, Mrs. Brumfield admitted that she was aware of the spankings, and that she left the room when they occurred. Mr. Brumfield admitted to spanking the child two or three times. Because of the spankings, the stipulated judgment rendered in October, 2013 provided that Mr. Brumfield was not to be left alone with the child. It appears that this stipulation has remained in place to this day.
Mr. Evans also testified that he obtained a temporary restraining order in Texas against Mr. Brumfield in November, 2014. He explained that at that time, his son reported that Mr. Brumfield "poked" him in his injured shoulder, which had been separated in a recent accident.
It is undisputed that Mr. Evans was repeatedly found in contempt for failing to abide by the court ordered visitation. However, we note that La. R.S. 9:346(H) provides that such actions "may " be grounds for modification. Here, considering the record evidence, and considering Mr. Evans' testimony regarding his concern for his son's welfare in connection with the child's allegations against Mr. Brumfield, we cannot say that Mr. Evans' refusal to allow visitation, on every occasion, was a deliberate attempt to defy the orders of the court. We also note that Mrs. Brumfield testified that since the October 2016 hearing, Mr. Evans was generally in compliance with the visitation schedule.
After our de novo review of the record, we do not find that Mr. Evans' actions constituted a pattern of willful and intentional violation of the trial court's judgments sufficient to warrant modification of custody pursuant to La. R.S. 9:346(H). Aside from the allegations made pursuant to La. R.S. 9:346(H), Mrs. Brumfield has alleged no other material changes in circumstances that would support a modification of custody.
*128 In sum, we find that Mrs. Brumfield failed to meet her burden of proving that a material change of circumstances has occurred since the October 2013 stipulated decree that would warrant a modification of custody. Accordingly, we find no error in the trial court's ruling on custody.
Assignment of Error No. 2. Failure to award attorney's fees and costs.
Mrs. Brumfield argues that the trial court erred in not awarding attorney's fees and costs after finding Mr. Evans in contempt of court.[2] Mrs. Brumfield is correct in asserting that La. R.S. 9:346(B)(4) provides that the trial court shall award attorney's fees and costs when a parent is found in contempt for failure to allow visitation. However, in this case, the contempt motion before the trial court on March 13, 2017, was not based on a violation of visitation pursuant to La. R.S. 9:346. Rather, it was based on Mr. Evans' failure to timely pay fees and costs previously ordered by the court. As a result, Mr. Evans was found in contempt for the willful disobedience of a court order, which constitutes constructive contempt of court. La. C.C.P. art. 224(2).
"The punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in [La.] R.S. 13:4611." La. C.C.P. art. 227. La. R.S. 13:4611, entitled "Punishment for Contempt of Court," provides, in pertinent part:
Except as otherwise provided for by law:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
(a) For a direct contempt of court committed by an attorney at law, by a fine of not more than one hundred dollars, or by imprisonment for not more than twenty-four hours, or both; and, for any subsequent contempt of the same court by the same offender, by a fine of not more than two hundred dollars, or by imprisonment for not more than ten days, or both;
(b) For disobeying or resisting a lawful restraining order, or preliminary or permanent injunction, by a fine of not more than one thousand dollars, or by imprisonment for not more than six months, or both.
(c) For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act; and
(d)(i) For any other contempt of court, including disobeying an order for the payment of child support or spousal support or an order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both. (emphasis added).
As stated above, in finding Mr. Evans in contempt of court for failure to timely pay the fines and fees previously ordered, he was sentenced to incarceration, with the sentence suspended. That punishment was in accordance with the provisions of La. R.S. 13:4611, and certainly within the trial court's discretion. Accordingly, we find no error in the trial court's ruling regarding Mr. Evans' contempt of court.
CONCLUSION
Based on our de novo review of the record, we find that Mrs. Brumfield did *129 not meet her burden of proving a change in circumstances sufficient to warrant a modification of custody. Thus, we find that the trial court did not err in maintaining the joint custody arrangement set forth in the October 2013 stipulated decree. Moreover, for the reasons stated hereinabove, we find no error in the trial court's failure to award attorney's fees and costs in connection with Mrs. Brumfield's rule for contempt. Accordingly, we affirm the judgment of the trial court.
AFFIRMED

La. R.S. 9:331(B) provides in pertinent part that the court may order a party or the child to submit to and cooperate in the evaluation, testing, or interview by the mental health professional. The mental health professional shall provide the court and the parties with a written report. The mental health professional shall serve as the witness of the court, subject to cross-examination by a party.

Mr. Evans was sentenced to five days in Orleans Parish Prison, with the sentence suspended.