BREAUX, C. J.
The plaintiff brought this suit for a judgment of separation from bed and board.
Her grounds are ill and cruel treatment, constant humiliation, and that on a day stated her husband “took hold of her by the back of her hair and then struck her.”
The defendant denied the charges of the wife against him.
Six children are issue of the marriage.
The eldest aged 18 years, and the youngest S years.
Trial was had, and judgment of separation a mensa et thofo rendered in favor of plaintiff, and gave plaintiff the permanent care of the children.
Plaintiff had obtained an injunction; it was made perpetual, and the court ordered the community property to be divided.
From this judgment, defendant appeals.
During the trial in the district court, questions arose about the admissibility of testimony.
The defendant offered to prove by Mrs. Joseph Alvarex, who lived next door to plaintiff, that the eldest daughter of defendant, who had testified against him during the trial, had testified entirely from statements made to her by her mother, and that her mother and she had repeatedly rehearsed her testimony.
More specifically the charge was that mother and daughter had colluded together in order that the latter (the daughter) would testify falsely against her father.
Thus, for discrediting the witness.
The court declined to permit the witness to testify; held that, in his opinion, no mother or father should do anything of the kind.
To this ruling, the defendant’s counsel objected and took a bill of exception.
While such evidence should be closely observed and vigilantly weighed, it was none the less admissible.
The witness has the burden of proving the credibility of her statement. If she fails, there is no harm done, and the law’s requirement is followed. If she sustains her credibility, the question remains whether a fathér should go to that extreme in order to prove his defense.
Impropriety may affect the credibility of ^he witness and weaken the cause; it does not affect the admissibility of the testimony.
This did not give rise to a question of law.
The rules of evidence are peremptory; when they are plain and pot to be misconstrued, they are controlling.
The plaintiff urges in addition that there was no foundation laid for the admission of the testimony.
There was no purpose of proving prior self-contradiction.
The charge was willingness to swear falsely — an asserted misconduct between mother *713 and daughter about the testimony of the'latter.
That could be shown without first laying the foundation.
The decision cited by learned counsel — ' Succ. of Pinard v. Holten, 30 La. Ann. 170— rebates to the impeachment by proof of contradictory statement.
Not the case here. The testimony was tendered with the view of attacking the testimony of the daughter on the grounds above stated, which have nothing about them of going to contradict the witness.
For illustration: Had she been made to testify falsely the testimony of that fact would have been admissible.
The defendant offered his 10 year old boy to testify in his behalf.
The court had heard the eldest daughter as a witness, and two of the sons. Then the youngest, 12 years old, was called to testify.
Our learned Brother, because of the tender years of the witness and the sad plight in which it placed the little boy, were "he heard to testify against his own mother, excluded the testimony.
We appreciate the feeling of the district judge.
Not long since we had occasion, after having weighed the testimony of the two children — who had testified in a suit for a separation from bed and board — one as a witness for the father, and the other for the mother, to use language from which it cannot be gathered that such evidence under the circumstances stated should be offered.
None the less, the testimony was held admissible. Schlater v. Le Blanc, 121 La. 919, 46 South. 921.
The young boy was not examined as to his competency on the ground of his tender years.
This testimony was excluded because one so young should not be called upon to testify in a case such as the pending case. It should be — it is not — the law.
There are two other questions discussed preliminarily.
As the case will be remanded for another trial, these questions have lost all importance. We leave them without comment.
By reason of the law and the evidence being in favor of defendant and against plaintiff, it is ordered, adjudged, and decreed that the decree is annulled, avoided, and reversed, and this cause be remanded to the district court ivhence it came, and that it there be proceeded and tried in accordance with the views before expressed.
It is further ordered, adjudged, and decreed that plaintiff and appellee pay the costs of appeal.