KENNON, Justice.
 

 Plaintiff, on August 18, 1943, filed suit against her husband, seeking a separation from bed and board on the grounds of cruelty and habitual drunkenness: From a
 
 *1024
 
 judgment rejecting her demands and dismissing the suit, she prosecutes this appeal.
 

 The plaintiff relied upon her own testimony and offered no witness other than her six year old daughter, whose testimony was excluded by the court. The defendant introduced the testimony of several neighbors and close friends. The district court found that plaintiff’s charges were not proven. Our examination of the record leads us to the same conclusion.
 

 Appellant complains here that the district court erred in refusing to hear the testimony of the six year old child. The district judge, in sustaining the objection to the child’s competency as a witness, said that he could not “bring himself to placing that child in the position of making a choice between father and mother * * Had the exclusion of the testimony been based entirely upon that ground, the judge’s ruling would have been erroneous under the authority of Chavigny v. Hava, 125 La. 710, 51 So. 696. However, the record shows that the district court also added “ * * * I don’t believe that the child would be a competent witness * *
 
 *>>
 

 Act 157 of 1916, Section 1, provides:
 

 “ * * * That the competent witness in any proceeding, civil or criminal, in court, or before a person having authority to receive evidence, shall be a person of proper understanding * *
 

 The. court permitted counsel to question the little girl with a view of qualifying her as “* * * a person of proper understanding * * under the Louisiana statute. An examination of the questions' and answers docs not indicate any abuse of discretion by the district judge in ruling the child incompetent as a witness. The admission of the testimony of a child of tender years is a matter which addresses itself to- the discretion of the trial court. 28 R.C.L., par. 48, pg. 461; Jones on Evidence, Vol. 3, 4th Ed., par. 720.
 

 Judgment affirmed with costs.