462 So.2d 1272 (1985)
Olga Marie Stone WATERMEIER
v.
John Joseph WATERMEIER, III.
In re John J. WATERMEIER, III.
No. 85-C-1.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 1985.
*1273 Darryl J. Carimi, Gretna, for relator.
Robert C. Lowe, New Orleans, for respondent.
Before CHEHARDY, KLIEBERT and BOWES, JJ.
BOWES, Judge.
The issue raised in this application for writs is whether or not, in a custody hearing, the trial judge has the right or discretion to interview in chambers, and without a record being made, over the objection of counsel for one of the parties (in this case the relator/father), a child, aged 5 years 7 months, who has thus far been in the custody of his mother. We hold that he does not, but the child may be interviewed in chambers on the record with both counsel present, as set out hereinafter.
Although we have some guidance from some rather old Louisiana Supreme Court cases and we note that several appellate court cases[1], including some emanating from this court, have touched upon the subject of children testifying or being interviewed, in none of them has the exact issue before us been squarely presented or assigned as error so as to require a ruling.
The issue before us presents these questions:
1. Can a child of this age be permitted to testify at all?
2. If so, how is his competency to be determined and under what circumstances?
3. Can the interview be conducted in chambers?
4. Should a record be made of the interview?
5. What participation, if any, should counsel for each side be permitted to take?
Since at least 1893, Louisiana Revised Statute 13:3665[2] and 15:469[3] (and *1274 their predecessors) have been interpreted to stand for the very simple and precise proposition that a person's age, alone, is not the test of whether that person shall be allowed to appear and present testimony. Rather, the test is whether that person has "proper understanding." Whether the minor child has proper understanding, such that he will be allowed to testify, is a matter within the discretion of the trial judge. State v. Sharp, 338 So.2d 654 (La. 1976) [emphasis added]. While a child under the age of 12 may not be presumed to have a sufficient understanding, the law fixes no precise age when the witness shall be excluded, and determining the competency of the witness is within the sound discretion of the trial judge. State v. Richie, 28 La.Ann. 327 (La. 1876) [child, six years old, found to have capacity to testify] [emphasis added]. Other cases allowing minor children to testify, age six or less, include: State v. Arnaud, 412 So.2d 1013 (La.1982) [four years old]; State v. Skipper, 387 So.2d 592 (La.1980) [five years old]; State v. Nails, 255 La. 1070, 234 So.2d 184, 185 (La.1970); State v. Edwards, 419 So.2d 881 (La.1982); State v. Richie, supra, and State v. Pace, 301 So.2d 323 (La.1974) [six years old]. See also Chavigny v. Hava, 125 La. 710, 51 So. 696 (1910):
"The testimony of a child, while it may be excluded, because of incompetency resulting from his tender years, cannot be excluded, under the rules of evidence, on the sentimental ground that he shall not be permitted to testify against his mother."
Our Supreme Court, dealing with a domestic relations' lawsuit, has specifically stated that the admission of the testimony of a six year old child is a matter which addresses itself to the discretion of the trial court, and that under Louisiana Revised Statute 13:3665, age alone is not a bar to a child's testimony being elicited. Wilson v. Moser, 210 La. 1021, 29 So.2d 49 (1946) [emphasis added].
We, therefore, conclude that the child cannot be precluded from testifying or being interviewed on the basis of age alone.
It also appears obvious to us that the competency of the child must be determined (under the above statutes and the applicable jurisprudence) by the trier of factin this case, the trial judge. The test of his competency shall be whether he is "a person of proper understanding", as required by LRS 13:3665. In order to relieve the child from as much pressure as possible from the "glare of the courtroom" and the possibly intimidating presence of his mother and father, we feel this should be done in chambers. It also appears that the jurisprudence sanctions and encourages such a procedure.
Louisiana Civil Code article 146 not only permits a custody hearing to be held in the judge's chambers, but also directs the court to consider "the reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference" in deciding what custody arrangement would be in the best interest of the child.
The next questions before us involve whether a record should be made of the interview and the extent of the participation of counsel for each side. We have given this matter grave consideration and, whereas we are impressed by the very plausible argument of counsel for respondent that an interview by the judge alone (without a record being made and without the ominous presence of parents and counsel), would relieve the child of fear and tension so that he would be more inclined to talk freely and truthfully, we cannot agree. To do so would do violence to the basic concepts of our adversary system because the attorneys and parties, as well as the appellate court, would be forced to trust completely and without reservation the discretion of the trial judge as to the propriety of his questions, his assessment of the veracity of the answers, and his entire judgment without ever knowing what was told to him. Such answers could well be the basis of his ruling.
In addition, there would be no way for a party to ever contest, disprove, or argue on appeal about any statement or accusation, no matter how wild or false, that the child *1275 may have made (perhaps in his fancy)unless he knows what the child said to the judge.
Accordingly, we hold that the interview must be conducted in chambers outside of the presence of the parents, but in the presence of their attorneys, with a record being made by the court reporter. The judge shall first determine his competency as "a person of proper understanding" by interrogating the child with appropriate questions. The attorneys shall be allowed to participate in the competency examination by asking questions and registering appropriate but only necessary objections. If the judge determines that the child is not a competent witness as outlined above, he shall immediately terminate the interview.
However, if the judge determines that the child is competent, he may continue the interview in the presence of the attorneys as observers only. They shall not participate by asking questions, or cross-examining or registering objections, as we deem this would upset, distract and possibly intimidate the child to a degree that would undermine his willingness to give any useful information.
The above procedure is admittedly a compromise, but we deem it to the best interest of the child in the long run. It will protect the basic foundations of the adversary system, allow a record to be available for appeal, and may even save the child from being awarded to the wrong party should he indulge in fantasies that might not be detected by a trial judge, no matter how good his intentions were.
We do not intend or direct that the above procedure is ordained or is mandatory when there is no objection from either side regarding the examination of any child by the judge. In such case, the trial judge may examine any child or witness in chambers, on or off the record, and with or without parents and/or counsel being presentprovided all agree on the procedure.
Accordingly, the writ is granted in part and denied in part; and the trial judge is instructed to conduct the interview in a manner consistent with the procedure outlined herein.
GRANTED IN PART AND DENIED IN PART.
KLIEBERT, Judge, concurring.
I concur in the writer's conclusions as to the manner in which the examination of the minor of such tender years should be conducted, but not necessarily for the reasons stated.
NOTES
[1] Chavigny v. Hava, 125 La. 710, 51 So. 696 (1910); Wilson v. Moser, 210 La. 1021, 29 So.2d 49 (1946); Legrand v. Legrand, 455 So.2d 705 (La.App. 5th Cir.1984); rehearing denied; Duhe v. Duhe, 451 So.2d 1198 (La.App. 5th Cir.1984); Harper v. Boudreaux, 415 So.2d 648 (La.App. 3rd Cir.1982); Duffie v. Duffie, 387 So.2d 654 (La.App. 1st Cir.1980), writ refused; Vidrine v. Demourelle, 363 So.2d 943 (La.App. 3rd Cir. 1978).
[2] § 3665. Competency of witnesses

The competent witness in any civil proceeding in court or before a person having authority to receive evidence shall be a person of proper understanding.
[3] § 469. Understanding as test of competency; child under twelve years

Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness.