WILLIAM A. CULPEPPER, Judge Pro Tem.
This is a child custody case. Lynda Drewett has appealed the judgment of the trial court which awarded joint custody of the minor children to the parents. The judgment was based on the proviso that Lynda Drewett remain in Sabine Parish, and in the event that she left the state, sole custody would be awarded to Edward Alan Drewett.
The appellant asserts in this appeal that the trial court erred in: (1) conditioning an award of joint custody upon appellant remaining in Sabine Parish; (2) refusing to allow testimony regarding the moral character of Edward Alan Drewett’s present wife, Judy; (3) basing its decision solely upon the written report of a court-appointed psychiatrist; (4) failing to allow the parties to examine Dr. Kutz in relation to his written report; and (5) failing to make its in camera interview of the minor children a part of the record. We reverse the judgment of the trial court and remand the case to the trial court for further proceedings.
FACTS
Lynda Drewett and Edward Alan Drew-ett were married in 1976 and divorced in 1985. Two children were born of the marriage, Jessica Lynn and Edward Simeon. The Drewetts were awarded joint custody of the minor children at the time of the divorce with Mrs. Drewett designated as the domiciliary parent. Mr. Drewett was awarded reasonable visitation rights.
Shortly after the judgment of divorce was rendered, Mr. Drewett filed a rule seeking to have a formal joint custody plan *895 implemented specifying each party’s rights with regard to custody. He alleged that Lynda Drewett allowed him to see the children only when she chose to. No further action was taken by the parties on this rule. Thereafter, in June of 1986, Mrs. Drewett filed a petition seeking to set forth specific visitation privileges for Mr. Drew-ett and alleged that Mr. Drewett had refused to return Jessica to her physical custody. On the same day, Mr. Drewett filed a petition for change of custody seeking sole custody of the children. The alleged grounds warranting the change of custody were that the children had been sexually molested by Mrs. Drewett’s nine-year-old sister while in California, that both children had failed in school, and that Mrs. Drewett was not mentally stable and therefore incapable of earing for the children.
After a hearing on the rule, the trial court found that the Drewett’s relationship was “characterized by several violent and tumultuous episodes” which adversely affected the minor children. It also found that Mr. Drewett, though not free from fault, appeared to be the more stable of the two parents and that Mrs. Drewett’s plans to move with the children to California were “ill-defined and ill-conceived and not in the best interest of the children.” The trial court concluded that if Mrs. Drewett were to remain in Louisiana, then joint custody would be preferred; however if she moved to California a plan of joint custody would become impossible. Judgment was rendered in accordance with these findings and conclusions.
JOINT CUSTODY
Joint custody is the preferred custody arrangement and there is a rebuttable presumption that joint custody is in the best interest of the minor child. LSA-C.C. art. 146. In an action to modify a custody judgment, the party seeking the modification must show that a change in circumstances materially affecting the welfare of the child has occurred since the prior order respecting custody. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
In the instant case, the parties agreed to joint custody at the time of the divorce, and it was so awarded by the trial court. However, either of the parents could petition for a modification or change of custody if circumstances have arisen which would rebut the presumption in favor of joint custody. This presumption may be rebutted by showing that joint custody is not in the best interest of the child after consideration of all evidence introduced with respect to the factors enumerated in LSA-C.C. art. 146(C)(2). Moreover, LSA-C.C. art. 146(K) provides that the presumption that joint custody is in the best interest of the child shall cease to exist if either parent changes his or her domicile to another state. However, the parties may by agreement continue joint custody in such a situation.
The litigation before us arose when Mr. Drewett learned of Mrs. Drewett’s plans to move to California with the children in order to be near her family. She planned to reside with one of her sisters and go back to school to better her employment opportunities. This move would remove the children from their father, take them from the only home they had known, the school which they attended, and the people with whom they were most familiar. Mr. Drew-ett strenuously objected to the children being taken to California. One very important reason was that, allegedly, the children had been subjected to sexual molestation by Mrs. Drewett's nine-year-old sister while visiting in California. The incident was serious enough to warrant psychological evaluation of the children and a recommendation that they continue seeing a therapist.
These factors, in addition to the parents’ own admission that they were unable to reach satisfactory custody arrangements which were in the best interest of the children and that the children had to witness displays of temper and violence on the part of each parent directed toward the other, are sufficient to rebut any presumption that continued joint custody would be in the best interest of the children.
Therefore, unless these parties were to agree to continued joint custody in some *896 form, the determination of the trial court should be which of the two parents should be awarded sole custody of the minor children. In reaching the conclusion that the record before us supports a finding that the presumption in favor of joint custody has been rebutted, we make no determination with respect to an award of sole custody.
We will remand this case to the trial court for further proceedings consistent with the findings and conclusions expressed herein. In the proceedings on remand the trial court is instructed to provide the parties an opportunity to cross-examine Dr. Stuart L. Kutz with respect to his psychological evaluation of the parties involved in the proceedings below. Further, we find that the trial court erred in excluding testimony or evidence of Mrs. Judy Drewett’s character and reputation. Mr. Drewett has asked the court to award sole custody of the minor children to himself, and any relevant evidence bearing on the children’s new stepmother should be considered in making a determination as to which custody arrangement would be in the best interest of the children. Lastly, we instruct the trial court to make its in camera interview with the children a part of the record. See Watermeier v. Watermeier, 462 So.2d 1272 (La.App. 5th Cir.1985), writ denied, 464 So.2d 301 (La.1985), and Dykes v. Dykes, 488 So.2d 368 (La.App. 3d Cir.1986), writ denied, 489 So.2d 1278 (La.1986).
Accordingly, for the reasons expressed herein, the judgment of the trial court is reversed and set aside and the case remanded to the trial court for further proceedings consistent with the views expressed herein. The costs of this appeal are assessed equally to the parties.
REVERSED AND REMANDED.