YELVERTON, Judge.
This is an appeal from a divorce. Erma sued Arthur, her attorney-husband, for a divorce based on living separate and apart for one year. He answered the suit pleading reconciliation’ in bar of the divorce. At the trial he testified that they had been living separate and apart for over two years but that they had reconciled, and had had sexual intercourse over 100 times during that period, once as recently as the week prior to trial. She testified at the trial that they had never reconciled and had never had sexual intercourse since the actual separation more than two years earlier. Their 14-year-old son testified, but his testimony on the subject of reconciliation was equivocal. The trial court held that Arthur had failed in his burden of proving a reconciliation, and gave Erma a divorce.
In his appeal, Arthur complains that he was not given his day in court, because he was not allowed to be present during the testimony of his 14-year-old son, who was *221 his witness. Arthur, a practicing attorney, represented himself at all times in this case. He did not have separate counsel. Soon after the boy took the witness stand the trial judge, apparently sensing the predicament the boy faced, stated that he was not going to let the witness testify in the presence of his parents. The judge then took the witness, along with the court reporter, to chambers, where the judge questioned him about his knowledge of the case. Counsel for Erma was permitted to sit in on the testimony, but did not participate in this part of the proceedings. These are the circumstances that Arthur calls to our attention in his argument that the doors of the court were shut to him, in violation of his constitutional rights.
We affirm the judgment. If any error was made by the trial judge, it was in permitting the case to go to trial with Arthur acting as his own attorney. Arthur cannot avail himself of that error. Rule 3.7 of the Rules of Professional Conduct state that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. The Rules of Professional Conduct have the force and effect of substantive law. Succession of Cloud, 530 So.2d 1146 (La.1988). Arthur was his own most important witness. He should not have represented himself. If he had not been representing himself, his attorney would have been allowed to sit in on the testimony of the couple’s son.
The trial judge was acting within his authority in forbidding the parents to be present while their son was testifying. This is a common practice in Louisiana, and is done for the benefit of both parents and children, whenever a child is made to become a witness in a separation, divorce, custody, or other ease involving domestic discord. Watermeier v. Watermeier, 462 So.2d 1272 (La.App. 5th Cir.), writ denied, 464 So.2d 301 (La.1985). In the present case, which was an emotional one, the boy obviously loved both parents and did not want them to be divorced. A reading of his testimony indicates that it was difficult for him to testify even out of the presence of his parents. The trial judge wisely did what little he could to alleviate the boy’s suffering, by restricting his audience.
The trial judge conducted the examination of the youth gently and understandingly. The presence of Erma’s counsel in the judge’s chambers during the examination did not prejudice Arthur’s case. Arthur was not denied the benefit of his son’s testimony. All that he was denied was the privilege of listening to it, which, as we have explained, was not an unfair deprivation. He was given his day in court, and the judgment of divorce stands.
Arthur attacks one other ruling contained in the judgment of divorce, and that was the granting of the permanent care, custody and control of the two children of the marriage to Erma, subject to visitation. Arthur claims that there was an agreement in chambers that there would be joint custody. We cannot consider this argument. This court can decide cases only on the record. There is nothing in the record to indicate that there was an agreement in chambers for joint custody. In the pleadings, each parent asked for sole custody, and the trial judge gave sole custody to the mother.
For these reasons, the judgment of the trial court is affirmed, at appellant’s costs.
AFFIRMED.