LILJEBERG, J.
Appellant, Shaun Adel Jones,[1] seeks review of the trial court's July 9, 2018 Judgment addressing custody and visitation issues. Shaun does not contest the substance of the trial court's custody rulings, but contends the trial court erred by finding its ruling rendered from the bench following the February 15, 2017 custody trial was an interim order, rather than a considered decree subject to the Bergeron[2] standard. Shaun also objects to the trial court's appointment of a custody evaluator at a subsequent status conference and contends that certain portions of the July 9, 2018 Judgment fail to properly set forth the custody and visitation terms addressed on the record following the status conference.
As explained more fully below, we affirm the trial court's July 9, 2018 Judgment, but remand the matter to the trial court to amend certain portions of the judgment as instructed herein. The record indicates that Shaun stipulated to the interim nature of the trial court's custody and visitation rulings. Furthermore, we do not find that the trial court abused its discretion by appointing a custody evaluator.
FACTUAL AND PROCEDURAL BACKGROUND
The parties, Shaun Adel Jones and Trieonne Washington Jones, share custody of three minor children born during their marriage. On March 21, 2013, Trieonne filed a petition for divorce, which included a request for joint custody and for designation as the domiciliary parent. On May 6, 2013, the parties entered into a stipulation designating Trieonne as the "primary custodial parent," but did not stipulate to a visitation schedule.
On June 2, 2014, Shaun filed a motion to modify custody and child support alleging Trieonne improperly limited his visitation with the children. Shaun argued that it was in the best interest of the children to award him "joint/shared custody"[3] with either no domiciliary parent or both parties designated as co-domiciliary parents.
*814 He also asked that the parties exercise equal visitation and custodial time with the children. The matter was set for hearing on July 7, 2014, and the minute entry from that hearing date indicates "the parties stipulated to maintaining joint custody." On August 25, 2014, the trial court issued a written judgment providing as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED the parties will continue the present custody arrangement with mother, Trieonne W. Jones, as domicile parent, and with father, Shaun A. Jones having custody every other weekend from Friday to Sunday and furthermore Mr. Jones shall have the right to request additional weekday visitation by contacting Trieonne Jones.
The trial court signed a judgment of divorce on August 28, 2014. On October 8, 2014, Shaun filed a motion for contempt alleging Trieonne failed to adhere to the new weekend visitation schedule and refused to allow him weekday visitation with the children. On November 5, 2014, the parties entered into a consent judgment maintaining joint custody. Trieonne remained as the domiciliary parent and Shaun's visitation was extended to every other week from Thursday through Monday. The parties also agreed to summer and holiday visitation schedules and to enroll in Our Family Wizard within 30 days.[4]
On April 28, 2016, Shaun filed a motion for contempt and to modify custody. In his motion, Shaun again alleged it would be in the best interest of the minor children for the parties to have "joint/shared custody" with equal visitation time and either no domiciliary parent or both parties designated as co-domiciliary parents. On May 20, 2016, Trieonne filed an ex parte motion for temporary sole custody. The trial court denied her request for temporary sole custody and set the matter for hearing. Also on August 17, 2016, Trieonne filed a motion asking the trial court to conduct a Watermeier[5] hearing with the children to allow the trial court to evaluate their concerns in determining custody. On December 15, 2017, Trieonne moved to voluntarily dismiss her ex parte motion for temporary sole custody, which the trial court granted. A minute entry from a January 23, 2017 hearing date states the trial court would not hold a Watermeier hearing, but would briefly speak to the minor children in chambers.[6]
After several continuances, the trial court set a trial date for Shaun's motion to modify custody on February 15, 2017. Shaun called six witnesses to testify, including himself, and introduced numerous exhibits into evidence before resting his case. Prior to presenting her case, Trieonne moved for directed verdict arguing that Shaun failed to meet his burden to obtain a modification of the consent custody order entered into between the parties on November 5, 2014. Trieonne argued that Shaun failed to prove it was in the best interest of the children for the parties to share custody with a 50/50 visitation schedule and no domiciliary parent designation.
*815 After hearing oral argument on Trieonne's motion for a directed verdict, the trial court apparently declined to grant a directed verdict and instead chose to proceed directly to granting Shaun's motion to modify custody as follows:
1) The trial court determined the parties would share 50/50 custody with a 2, 2, 3 visitation schedule. The trial court indicated that it would allow the attorneys to explore whether the parties could agree on how they would allocate the visitation days.
2) With respect to the domiciliary parent, the trial court stated as follow:
You are domiciliary parent, ma'am, however, that is only to where they reside. All school decisions are going to be made together. All health and welfare decisions will be made together. In this case, the domicile is the address as to where they reside, but you're going to share everything.
3) With respect to holidays, the trial court stated one party would exercise visitation on Christmas Eve and the other would have Christmas Day, with the schedule flipping every other year. The trial court further stated the parties would follow their regular schedule for the remaining holidays.
4) The trial court determined that Shaun would bring their son for haircuts, and Trieonne would bring the girls to dance rehearsals and recitals.
5) The trial court ordered that all contact and email lists should include both parents' contact information, including but not limited to doctors, girl scouts, and sports related activities.
6) With respect the children's activities, the trial court determined that both parties must concur on Our Family Wizard before signing the children up for additional activities.
7) Finally, the trial court ordered the parties to send and return all of the children's uniforms, clothes and equipment when exchanging custody.
After the trial court provided its ruling, Trieonne's counsel noted that she only asked for a directed verdict and did not forego the right to present her client's case:
MS. GAUFF: I asked for directed verdict. I didn't forego my ability to put on a case, so I'm going to note - - so please note our objection to the court's ruling without permitting us to put on a case.
THE COURT: Do you want to put on your case?
MS. GAUFF: I'm just making a record - -
THE COURT: No, I'm saying, do you want to?
MS. GAUFF: I'm putting - - the Court has ruled so I'm just making my objection and protecting the record.
After this exchange with the trial court, Trieonne's counsel moved to withdraw as counsel with respect to any further custody issues. The trial court granted counsel's request to withdraw and signed a written order to that effect on March 14, 2017.
On March 17, 2017, Trieonne's current counsel filed a motion to enroll on behalf of Trieonne with respect to custody issues, as well as the collection of past due child support. On March 27, 2017, Trieonne filed a motion to reset the trial regarding custody issues. In this motion, Trieonne alleged that at some unspecified time after the February 15, 2017 custody trial, "the Court determined that TRIEONNE WASHINGTON was not given the opportunity *816 to present her case in chief to the court. The matter was then considered an open custody trial to be reset by Ms. Jones for presentation of her case in chief." Trieonne further averred that "the Court converted her bench ruling to an interim judgment pending the completion of the hearing." The record does not include any judgment, transcripts or minute entries evidencing these alleged determinations by the trial court.[7] However, on March 27, 2017, the trial court signed the order presented with Trieonne's motion to reset and scheduled the continuation of the custody trial on May 22, 2017.
According to the parties, they did not continue the custody trial on May 22, 2017, but rather conducted a status conference with the trial court. On that same morning, Trieonne also filed a motion to appoint a custody evaluator alleging that additional issues had arisen since the February 15, 2017 custody trial. Trieonne argued that good cause existed to appoint a custody evaluator because this matter involved serious allegations by both parties of abusive conduct, physical abuse, inappropriate sleeping arrangements for the children and refusals to co-parent. According to the transcript from the May 22, 2017 status conference, the parties agreed to additional terms with respect to custody and visitation that clarified the rulings rendered by the trial court on February 15, 2017. The transcript indicates that Shaun's counsel acknowledged on the record that the trial court's rulings following the custody trial were interim:
MS. BENOIT: Your honor, with respect to what we're doing today, we're doing a clarification of interim judgment that was rendered on 2/15/2016.
MS. GILSON: Not 2016.
MS. BENOIT: 2017. It's not meant to change anything, we just wanted clarification. With respect to things that are going to be clarified, your honor, the parties are going to exercises [sic] their 50/50 custody on the following schedule: Monday and Tuesday will be Dad's day, Wednesday and Thursday will be Mom's day, they will alternate the weekends. [Emphasis added.]
Shaun's counsel also clarified the terms as to when, where and how the parties would transfer physical custody of the children. She also stated that the court was appointing Daniel Roussel as a custody evaluator and the payment terms for each party. After reciting these matters into the record, the trial court had both parties sworn in and asked if they agreed to abide by the terms counsel recited into the record. Both parties responded affirmatively. Shaun's counsel did not raise any objections to the terms she recited into the record.
The next filing in the record relating to custody is a document entitled "Court Form Stipulation" dated January 22, 2018, indicating that the "custody matter" was set for March 26, 2018. The custody issues *817 were eventually reset to May 29, 2018, and Shaun contends that on that date, the parties held a status conference during which they debated the legal standard that should apply to the outstanding custody issues. Shaun contends the trial court initially indicated it would apply the Bergeron standard, but subsequently changed its position. This change in position allegedly prompted his counsel to request that the trial court enter a judgment regarding the February 15, 2017 custody trial and the May 22, 2017 status conference. The minute entry from the May 29, 2018 status conference does not reference any discussions regarding the applicable legal standard, but states the "parties will submit ... a Stipulated Judgment on Custody by June 1, 2018 with the court." The minute entry further stated that the matter was set for trial on August 1 and 2, 2018.
The record does not contain a stipulated judgment presented by the parties. Rather, on July 9, 2018, the trial court rendered a detailed written judgment setting forth the custody and visitation terms rendered following the February 15, 2017 custody trial and May 22, 2017 status conference. The July 9, 2018 Judgment provides in relevant part as follows:
This matter came before this Honorable Court on the 15th day of February, 2017, pursuant to 'Trial' on the issue of custody. Present in court were TRIEONNE JONES, with her attorney, Nghana Guaff and SHAUN JONES with his attorney, NaTashia Carter Benoit. Pursuant to the pleadings filed, evidence submitted, witness testimony and argument of counsel, the Court did rule as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the Motion for modification is granted and the parties herein are awarded joint and shared (50/50) custody of the three minor children born of the marriage; with the custodial periods to be exercised on a rotating 2/2/3 schedule. If the parties are in agreement they can select a set 2/2/3 schedule or a week to week schedule, but they must agree to this in writing;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said joint shared custody is to be exercised on an interim basis pending the completion of the trial, and that this order shall not be construed as a considered decree requiring that Trieonne Jones carry the heightened Bergeron standard during the second portion of the trial.
This matter came before this Honorable Court on the 22ND day of May 2017, pursuant to status with the Court. Present in court were TRIEONNE JONES, with her attorney, Rebecca Gilson and SHAUN JONES with his attorney, NaTashia Carter Benoit. Pursuant to the pleadings filed and argument of counsel, the Court did rule as follows:
IT IS ORDERED, ADJUDGED AND DECREED that TRIEONNE JONES'S 'Motion to Appoint a Custody Evaluator' is herein granted as an order of the court over the objection of SHUAN JONES, the custody evaluator appointed is Danny Roussel and counsel for the parties shall contact him within 10 business days.
IT IS ORDERED, ADJUDGED AND DECREED that the parties shall give Dr. Roussel Practitioner Access to Our Family Wizard to assist him in making his recommendation.
IT IS ORDERED, ADJUDGED AND DECREED that TRIEONNE JONES shall advance the full cost of the evaluator's fees and cost with SHUAN JONES to reimburse her twenty-five (25%) percent of said amounts within 6 months if he has returned to work, in the event Mr. Jones has not been able to *818 return to work he shall be allowed three (3) month extensions upon presenting adequate proof to opposing counsel.
* * *
IT IS ORDERED, ADJUDGED AND DECREED that TRIEONNE JONES shall be designated as the children's domiciliary parent.
IT IS ORDERED, ADJUDGED AND DECREED that all school decisions, as well as health and welfare decisions, shall be made by both parties together.
IT IS ORDERED, ADJUDGED AND DECREED that the parties' agreement to modify their rotating 2/2/3, to a set 2/2/3 schedule is made an order of the Court wherein Dad shall maintain custody of the minor children on Monday and Tuesday of each week and Mom shall maintain custody of the minor children on Wednesday and Thursday of each week, with the weekend to be alternated/rotated, and that any changes to the schedule shall be made in writing.
On July 25, 2018, Shaun filed a "Notice Of Intent To Appeal and Request To Stay The Custody Proceedings Pending Ruling On The Appeal," as well as a "Motion for Appeal." The trial court refused to grant the motion for appeal pursuant to an order signed on July 30, 2018. On that same day, Shaun filed a writ of mandamus and request for stay with this Court. This Court granted the writ of mandamus and stay as follows:
Considering the application, the trial court shall grant relator's pending Motion for Appeal, and set a return date pursuant to La. C.C.P. art. 2121. A stay of these proceedings is hereby granted and shall remain in effect until further orders by this Court.
On August 8, 2018, the trial court entered an order granting Shaun's motion for appeal. Due to delays relating to Shaun's failure to promptly pay appeal costs and Trieonne's filing of motions to dismiss the appeal, the record was not lodged with this Court until February 19, 2019.
DISCUSSION
In his first assignment of error, Shaun argues the trial court erred by declaring the ruling it rendered from the bench following the February 15, 2017 custody trial as an interim order, rather than a considered decree, and by further declaring that the trial court would not apply the Bergeron standard to the continuation of the custody trial.
Shaun argues the record and transcript from the February 15, 2017 custody trial show that the ruling rendered on that day was a considered decree. He argues that in Silbernagel v. Silbernagel, 06-869 (La. App. 5 Cir. 4/11/07), 958 So.2d 13, 17, this Court explained that a "considered decree" is an award of permanent custody after the trial court received evidence of parental fitness to exercise care, custody and control of children. He argues that it is evident from the trial court's extensive ruling and reasons provided from the bench that it considered the evidence presented and weighed and balanced all of the factors required pursuant to La. C.C. art. 134 when considering the best interest of a child and fitness of the parents. Shaun further notes that the trial court offered Trieonne the opportunity to proceed with her case after her counsel objected to the trial court's premature ruling. Shaun argues that by failing to accept the trial court's offer to try her client's case, Trieonne's counsel elected to accept the trial court's ruling.
Shaun finally argues that the trial court did not indicate in its reasons that the judgment was interim or that the custody trial would be continued to another date. He contends it was abuse of discretion and *819 error for the trial court to declare its February 15, 2017 ruling from the bench as interim because this determination is not supported by the transcript or the law.
In response, Trieonne argues she was not provided the opportunity to present her case prior to the trial court's decision to modify custody and visitation on February 15, 2017, and further notes she formally objected on the record. Trieonne contends that in custody matters, the paramount concern is the best interest of the children. She contends that it is harmful to the children for the trial court to enter into a considered decree regarding custody after hearing evidence only from one side.
Trieonne also argues that following the May 22, 2017 status conference, Shaun's counsel stated on the record that the trial court's February 15, 2017 ruling was an interim judgment and proceeded to read the clarifying terms discussed during the status conference into the record. She claims that she relied on opposing counsel's representation that she agreed the February 15, 2017 custody ruling was an interim determination. She further notes that the parties agreed to abide by these terms on the record and under oath, without lodging any objections to the terms. Trieonne also argues that prior to entering a final judgment, a trial judge may, at his or her discretion, change the substance or result of interlocutory rulings.
This matter presents an unusual procedural scenario. While the trial court heard evidence from Shaun at the February 15, 2017 custody trial, it granted his requests for shared custody, equal visitation time and shared decision-making authority without a full trial on the merits. We further recognize that the trial court offered Trieonne the opportunity to present her case, but her counsel declined and opted to note her client's objections to the ruling.
However, it is not necessary for this Court to determine whether the trial court's rulings constitute a "considered decree" under these circumstances. As noted above, on May 22, 2017, Shaun's counsel stated on the record that the trial court's February 15, 2017 ruling was an "interim judgment" and did not lodge any objections to the designation of this ruling as an interim judgment. A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. Ponson v. Ponson , 17-469 (La. App. 5 Cir. 3/14/18), 241 So.3d 1213, 1221. Furthermore, Shaun was sworn in and stated on the record that he agreed with the terms that his attorney recited into the record.
Based on the foregoing, we find that Shaun and his counsel stipulated to the interim nature of the February 15, 2017 ruling. The parties, as well as the trial court, recognized that Trieonne should have the opportunity to present her case with respect to the custody and visitation issues in order to determine the custody arrangement that is in the best interest of the children. Accordingly, we do not find the trial court erred or abused its discretion by declaring in its July 9, 2018 Judgment that its rulings from the bench on February 15, 2017 were interim and not a considered decree. Furthermore, because the trial court's prior custody ruling is not a considered decree, the trial court did not err by finding the Bergeron standard would not apply to future custody proceedings.
In his second assignment of error, Shaun argues the trial court erred by appointing a custody evaluator and by ordering him to pay a portion of the costs. Shaun complains the trial court allowed Trieonne to file the motion to appoint the custody evaluator at the May 22, 2017 status conference without any prior notice *820 to Shaun. As a result, he contends he and his counsel were ambushed by the request. He claims his counsel adamantly objected to the request to appoint a custody evaluator and requested that the trial court set the motion for hearing at a later date to allow Shaun the opportunity to file an opposition. Shaun contends that the trial court noted his objection to the appointment of the custody evaluator, but elected to grant the motion and select an evaluator. He argues the appointment of the custody evaluator was not necessary as the trial court had previously interviewed the children in chambers and conducted a trial on the merits.
In opposition, Trieonne argues that Shaun's counsel read the terms regarding the appointment of the custody evaluator into the record on May 22, 2017, and Shaun agreed to the terms. Trieonne further notes that pursuant to La. R.S. 9:331 the trial court has discretion to appoint a custody evaluator for good cause shown. Trieonne finally contends Shaun participated in the custody evaluation and did not voice any objection to the process until after he received the evaluator's report.
La. R.S. 9:331 provides:
A. The court may order an evaluation of a party or the child in a custody or visitation proceeding for good cause shown. The evaluation shall be made by a mental health professional selected by the parties or by the court. The court may render judgment for costs of the evaluation, or any part thereof, against any party or parties, as it may consider equitable.
B. The court may order a party or the child to submit to and cooperate in the evaluation, testing, or interview by the mental health professional. The mental health professional shall provide the court and the parties with a written report. The mental health professional shall serve as the witness of the court, subject to cross-examination by a party.
As noted above, in her motion requesting the appointment of the custody evaluator, Trieonne noted circumstances had changed since the February 15, 2017 custody trial, and further noted the parties raised serious allegations against each other including abusive conduct, physical abuse, inappropriate sleeping arrangements for the children and allegations of refusal to co-parent.
The trial court discussed the parties' inability to effectively co-parent in great detail during her ruling on February 15, 2017. In Lucky v. Way , 51,706 (La. App. 2 Cir. 9/1/17), 245 So.3d 110, 130, writ denied , 17-1657 (La. 10/27/17), 228 So.3d 1233, the appellate court recognized that the parties' inability to agree on important parenting issues constituted good cause to appoint a custody evaluator. Furthermore, the decision as to whether a psychological evaluation should be ordered in a custody proceeding lies within the trial court's discretion. Bourque v. Bourque , 03-1254 (La. App. 5 Cir. 3/30/04), 870 So.2d 1088, 1091.
We do not find the trial court abused its discretion by finding good cause existed to appoint a child custody evaluator. The record indicates a long history of acrimony exists between the parties where parenting issues are concerned. Furthermore, Shaun indicated under oath on May 22, 2017 that he agreed to the terms his attorney recited into the record, which included terms regarding the appointment and payment of the custody evaluator.
In his final assignment of error, Shaun complains the trial court's judgment does not accurately reflect the rulings rendered on February 15, 2017, as well as the matters clarified on the record on May 22, 2017.
*821 Shaun first argues the transcript from the May 22, 2017 status conference indicates that no changes were made, nor rulings rendered, as to domiciliary parent issues. The July 9, 2018 Judgment provides that the trial court entered the following rulings regarding the domiciliary parent on May 22, 2017:
IT IS ORDERED, ADJUDGED AND DECREED that TRIEONNE JONES shall be designated as the children's domiciliary parent.
IT IS ORDERED, ADJUDGED AND DECREED that all school decisions, as well as health and welfare decisions, shall be made by both parties together.
After reviewing the transcripts, we agree these decisions were rendered at the February 15, 2017 custody trial. Accordingly, we order the trial court to amend the July 9, 2018 Judgment to indicate that the rulings listed above regarding the domiciliary parent designation and decision-making authority were part of its rulings rendered on February 15, 2017.
Shaun also appears to contest the substance of the judgment with respect to the domiciliary parent designation. He contends that following the February 15, 2017 custody trial, the trial court revoked Trieonne's previous designation as domiciliary parent. He further contends the trial court made a "specific designation of the children's domicile for residential purpose only."
Our review of the February 15, 2017 transcript indicates that the trial court designated Trieonne as the domiciliary parent. However, the trial court also stated that the parties would share authority with respect to decisions regarding school, and the health and welfare of the children. Pursuant to La. R.S. 9:335(B)(3), a court can designate a domiciliary parent and also enter an order to allocate decision-making authority between the parties.[8] See also Hodges v. Hodges , 15-585 (La. 11/23/15), 181 So.3d 700, 709. Accordingly, we find no error with the substance of the trial court's ruling on these issues.
Shaun also complains that the trial court erroneously indicated that the following items set forth in the July 9, 2018 Judgment were determined at the May 22, 2017 status conference as opposed to during the February 15, 2017 custody trial:
IT IS ORDERED, ADJUDGED AND DECREED that both parties' names shall be on all contact lists, email lists, and pick-up/drop-off lists.
* * *
IT IS ORDERED, ADJUDGED AND DECREED that the prior holiday schedule shall remain in effect.
IT IS ORDERED, ADJUDGED AND DECREED that SHAUN JONES shall be permitted to take the parties' son to get his hair cut.
*822 IT IS ORDERED, ADJUDGED AND DECREED that TRIEONNE JONES shall have the parties' two daughters every year for dance rehearsal and for the weekend and for the weekend [sic] of the dance recital and is permitted to check them out early on that day from school to get their hair done. SHAUN JONES may have makeup visitation for those days if he so chooses.
IT IS ORDERED, ADJUDGED AND DECREED that the children shall not be signed up for any further extracurricular activities unless both parties agree in writing on Our Family Wizard.
IT IS ORDERED, ADJUDGED AND DECREED that all uniforms, clothes, and equipment shall be sent to the party exercising custody and returned when the custodial period is over.
Shaun does not contest the substance of these rulings. However, we again agree the transcripts indicate the trial court recited all of these rulings into the record at the February 15, 2017 custody trial. These items were not discussed nor mentioned as part of the clarifications that Shaun's counsel read into the record following the May 22, 2017 status conference. Accordingly, we order the trial court to amend the July 9, 2018 Judgment to indicate that the items listed above were also part of its rulings rendered on February 15, 2017.
DECREE
Based on the foregoing, we affirm the trial court's July 9, 2018 Judgment and remand the matter for the trial court to amend the judgment as instructed herein.
AFFIRMED AND REMANDED TO AMEND JUDGMENT

Appellant's name is spelled as both "Shaun" and "Shuan" throughout the entire appellate record. For purposes of this opinion, we spell appellant's name as "Shaun."

Bergeron v. Bergeron , 492 So.2d 1193 (La. 1986). When a considered decree is at issue, the party seeking a change of custody bears the burden of proving that a continuation of the present custody is so deleterious to the child as to justify a modification of custody, or of proving by clear and convincing evidence that any harm likely to be caused by a change of environment is substantially outweighed by the advantages to the child. Id. at 1200.

La. R.S. 9:315.9 defines "shared custody" as "a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time."

Our Family Wizard is a website which facilitates communications between separated and divorced parents.

See Watermeier v. Watermeier , 462 So.2d 1272 (La. App. 5th Cir.), writ denied , 464 So.2d 301 (La. 1985). A Watermeier hearing is a hearing in chambers, outside the presence of the parents, but in the presence of their attorneys, with a record of the hearing to be made by the court reporter to inquire as to the competency of a child to testify as to custody.

The oral ruling rendered by the trial court following the February 15, 2017 custody trial indicates the trial court met with the minor children in chambers.

Trieonne argues in her appellate brief that on February 16, 2017, the trial court "informed the parties via e-mail on February 16, 2017 that the [February 15, 2017] ruling was interim only because Ms. Jones was not provided an opportunity to present her case." In a motion to supplement the record filed with this Court, Trieonne clarifies that the trial court allegedly declared the ruling was interim in a March 13, 2017 email. In her request to supplement the appellate record, Trieonne sought to introduce a chain of emails between the trial court and the parties that allegedly commenced on February 16, 2017. However, this Court denied Trieonne's motion to supplement the record. Appellate courts are courts of record and must limit their review to evidence in the record before them. La. C.C.P. art. 2164 ; State, Dept. of Social Services v. Macon , 09-1088 (La. App. 5 Cir. 6/29/10), 44 So.3d 744, 749.

La. R.S. 9:335(B) provides as follows:
(1) In a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for other good cause shown.
(2) The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that assure that the child has frequent and continuing contact with both parents.
(3) The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise . All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child. [Emphasis added.']