ANTHONY E. HILL                  *       NO. 2024-CA-0118

VERSUS                           *       COURT OF APPEAL

JASON STRICKLAND                 *       FOURTH CIRCUIT

                                 *       STATE OF LOUISIANA

                    * * * * * * *


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-10232, DIVISION "H"
Honorable Jane E. Booth, Judge Pro Tempore
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge
Dale N. Atkins)

Ashley Potter
THE LAW OFFICE OF JAMES A. GRAHAM, LLC
701 Loyola Avenue, Suite 403
New Orleans, LA 70113

        COUNSEL FOR PLAINTIFF/APPELLEE


N. Kim Nguyen
LAW OFFICE OF N. KIM NGUYEN, LLC
401 Whitney Ave.
Suite 515
Gretna, LA 70056

        COUNSEL FOR DEFENDANT/APPELLANT


                                        **AFFIRMED**
                                        **JUNE 12, 2024**

SCJ
DLD
DNA

Appellant, Jason Strickland "(Mr. Strickland") appeals the trial court's September 22, 2023 judgment granting the protective order in favor of Anthony Hill ("Mr. Hill") on behalf of his minor child, A.G.H. For the reasons that follow, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Strickland is the stepfather of the minor child, A.G.H. Christine Strickland ("Mrs. Strickland") and Mr. Hill are the biological parents of A.G.H. Mrs. Strickland and Mr. Hill shared joint custody of A.G.H., with Mrs. Strickland designated as the domiciliary parent.

On August 30, 2023, Mr. Hill filed a petition for protection from abuse pursuant to La. R.S. 46:2131 *et seq*, against Mr. Strickland on behalf of A.G.H. Mr. Hill alleged that Mr. Strickland repeatedly punched A.G.H. in the stomach and chest at least once per week over the course of a year.[1] Upon review of the petition, the trial court issued a temporary restraining order against Mr. Strickland. Mr.

---

[1] Mr. Hill also filed a separate petition for protection from abuse against Mrs. Strickland.

1

Strickland was prohibited from contacting or coming within 100 yards of the minor child.

After the September 21 and September 22, 2023 hearings, the trial court granted a protective order in favor of Mr. Hill on behalf of A.G.H. for eighteen months.[2] Mr. Strickland was further ordered to complete a court monitored domestic abuse intervention program. Mr. Strickland now appeals the trial court's judgment.

## STANDARD OF REVIEW

"An appellate court reviews domestic protective orders for abuse of discretion." *S.L.B. v. C.E.B.*, 2017-0978, p. 5 (La. App. 4 Cir. 7/27/18), 252 So.3d 950, 956 (citing *Alfonso v. Cooper*, 2014-0145, p. 13 (La. App. 4 Cir. 7/16/14), 146 So.3d 796, 805). An appellate court may not set aside a trial court's "finding of fact in the absence of manifest error or unless it is clearly wrong." *Rodriguez v. Claassen*, 2016-0610, p. 3 (La. App. 4 Cir. 12/21/16), 207 So.3d 490, 493 (quoting *Rabalais v. Nash*, 2006–0999, p. 4 (La. 3/9/07), 952 So.2d 653, 657). "The trial court sitting as trier of fact is in the best position to evaluate the demeanor of the witnesses, and its credibility determinations will not be disturbed on appeal absent manifest error." *Patterson v. Charles*, 2019-0333, p. 9 (La. App. 4 Cir. 9/11/19), 282 So.3d 1075, 1082 (citing *Alfonso*, 2014-0145, pp. 13-14, 146 So.3d at 805).

## DISCUSSION

On appeal, Mr. Strickland assigns three errors: (1) whether the trial court erred in basing its ruling on hearsay testimony of the minor child when the

---

[2] This matter was tried alongside another petition for protection from abuse filed by Mr. Hill against Mrs. Strickland, *Anthony E. Hill v. Christine Strickland*, Civil District Court Case No. 2022-10231 "H," which is also before this Court in *Anthony E. Hill v. Christine Strickland*, 2024-CA-0116 consolidated with *Christine M. Strickland v. Anthony Earl Hill*, 2024-CA-0117.

testimony was not corroborated in a *Watermeier* hearing or through medical examination; (2) whether the trial court erred in allowing the audio recording of Candace Davis into evidence when a proper foundation had not been laid; and (3) whether the trial court erred in granting the protective order when Mr. Hill failed to prove by a preponderance of the evidence domestic abuse.

*Watermeier Hearing*

Mr. Strickland argues that the trial court erred in basing its ruling on the hearsay testimony of A.G.H. when A.G.H.'s testimony was never corroborated in a *Watermeier* hearing or through medical examination. Mr. Strickland elaborates that the trial court improperly considered hearsay testimony from Mr. Hill and his sister, Shatoyia Nicholson ("Ms. Nicholson").

"A '*Watermeier* hearing' is a hearing in chambers, outside the presence of the parents, but in the presence of their attorneys, with a record of the hearing to be made by the court reporter, to inquire as to the competency of a child to testify as to custody." *Patterson v. Charles*, 2019-0333, p. 20 (La. App. 4 Cir. 9/11/19), 282 So.3d 1075, 1089 (quoting *S.L.B. v. C.E.B*, 2017-0978, p. 13, n.12 (La. App. 4 Cir. 7/27/18) 252 So.3d at 960). "[C]ourts have conducted a *Watermeier* hearing in the context of child custody disputes as well as for a petition for protection from domestic abuse." *Id.* (citing *S.L.B.*, 2017-0978, p. 13, 252 So.3d at 961).

In *Patterson*, this Court noted that in *Watermeier v. Watermeier*, 462 So.2d 1272 (La. App. 5 Cir. 1985), the Fifth Circuit established that "[w]hether the minor child has proper understanding, such that he will be allowed to testify, is a matter within the discretion of the trial judge." 2019-0333, p. 21, 282 So.3d at 1089 (quoting *Watermeier*, 462 So.2d at 1274) (alteration in original). Additionally, this Court recognized that while the *Watermeier* court determined a proper procedure

3

for handling a child's testimony, "the Fifth Circuit Court in *Penn v. Penn*, [20]09-213, p. 5 (La. App. 5 Cir. 10/27/09), 28 So.3d 304, 307, 'made it clear that this procedure was not mandated' where there was no objection or agreement by the parties to another procedure." *Id*. at p. 23, 282 So.3d at 1090.

In *Toups v. Toups*, 2014-960, unpub., (La. App. 3 Cir.), 2015 WL 904014, the court determined whether the trial court erred by not interviewing the minor child as provided in *Watermeier*. The court noted that "Watermeier does not require that the trial court interview all children in custody matters." *Toups*, 2014-960, 2015 WL 904014, at *2. The *Toups* court found that the trial court's failure to interview the minor was not legal error, providing that the appellant did not ask the trial court to interview the minor, and did not object to the trial court not interviewing the minor. *Id.*

Here, the admission of hearsay testimony by A.G.H's father, Mr. Hill and his aunt, Ms. Nicholson concerning statements made to them indicating that Mr. Strickland punched A.G.H. in the chest was harmless, considering that Mrs. Strickland testified that she witnessed Mr. Strickland physically discipline A.G.H. and "back hand" A.G.H. Mrs. Strickland testified that the meaning of "backhanding" is "[t]he back of your hand making contact with the body."

Additionally, Mr. Strickland failed to object to Mr. Hill's and Ms. Nicholson's testimony, and therefore, cannot raise it for the first time on appeal. Mr. Hill and Ms. Nicholson were also subject to cross-examination by Mrs. Strickland. "[F]ailure to object at the time the testimony is offered 'constitutes a waiver of the right to object to its admissibility, and such evidence may be considered and given probative effect.'" *Jennings v. Jennings*, 2021-0386, p. 8 (La. App. 4 Cir. 12/1/21), 332 So.3d 179, 185 (quoting *Brown v. Chategnier*, 2016-

4

0373, p. 4 (La. App. 4 Cir. 12/14/16), 208 So. 3d 410, 414). As such, we find no error in the trial court considering the testimony of Mr. Hill and Ms. Nicholson.

*Admissibility of Audio Recording*

Next, Mr. Strickland argues that the trial court erred in allowing the audio recording of Candace Davis into evidence without proper foundation being laid. The following factors have been used in determining whether foundation has properly been laid for the admissibility of a redacted audio recording: (1) the recording device was capable of taking the conversation now offered in evidence; (2) the operator of the device was competent to operate the device"; (3) "the recording is authentic and correct; (4) changes, additions or deletions have not been made in the recording; (5) "the recording had been preserved in a manner that is shown to the court"; (6) the speakers are identified; and (7) the conversation elicited was made voluntarily and in good faith, without any kind of inducement. *S.L.B.*, 2017-0978, p. 22, 252 So.3d at 966 (quoting *State v. Luckey*, 2016-494 (La. App. 5 Cir. 2/8/17), 212 So.3d 1220, 1232).

In this matter, at the September 21, 2023 hearing, Ms. Davis testified that Mrs. Strickland previously attempted to contact her. Ms. Davis provided that she decided to return Mrs. Strickland phone call and record the conversation. The conversation was recorded from Ms. Davis's company phone meanwhile the call was held on her personal phone. Both Ms. Davis's personal and company phones were present during the hearing.

Moreover, excerpts from the conversation held on the company phone were played during the hearing to confirm that it was the same recorded excerpt copies that would be introduced into evidence. Ms. Davis identified that she and Mrs. Strickland were speaking on the recording.

5

The audio recording excerpts were introduced without objection from Mrs. Strickland's counsel:

[COUNSEL FOR MRS. STRICKLAND]:

And [Counsel for Mr. Hill] played both of the junk drives on her computer, as well as the recording from the actual device that was the original.

THE COURT:

Do you have any objection to the admission of P-2 into evidence?

[COUNSEL FOR MRS. STRICKLAND]:

I don't. However, Your Honor, I do want to make note that there were only certain portions that were played, it wasn't my understanding that she was willing to introduce the entirety of the recording.

THE COURT:

You're correct, [counsel for Mrs. Strickland]. I'd like you to go ahead and make your tender to the Court with respect to that piece of evidence.

[COUNSEL FOR MR. HILL]:

Yes, Your Honor. We'd like to offer, file and introduce the excerpts from P-2. I can provide on my exhibit sheet those timestamps that we previously noted.

As such, we do not find that the trial court abused its discretion in admitting the audio recording into evidence.

*Protective Order*

Lastly, Mr. Strickland argues that the trial court erred in granting a protective order in favor of Mr. Hill when he did not prove by a preponderance of the evidence domestic abuse as defined by the criminal code.

Louisiana Revised Statutes 46:2131 *et seq.*, the Protection from Family Violence Act, provides protection in the form of temporary restraining orders and

protective orders for persons subject to domestic abuse. The intent of the statutory provisions is to protect children in abusive situations. *See Gonzales v. Gonzales*, unpub., 21-172, p. 3 (La. App. 5 Cir. 7/2/21), 2021 WL 2766900 (holding that although the statutory provisions do not solely address the issue of child custody, the legislative purpose of provisions to protect children from abuse is necessarily relevant to the trial court's physical custody determination and placement of those children who are to be protected).

Domestic abuse is defined by La. R.S. 46:2132, in pertinent part as:

include[ing] but is not limited to physical or sexual abuse and any offense against the person, physical or non-physical, as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family member, household member, or dating partner against another.

"Except as provided in La. R.S. 46:2136(F)(2), any final protective order shall be for a fixed period of time, not to exceed 18 months; however, the court has discretion to extend a protective order after conducting a contradictory hearing." *Milam v. Hughes*, 2022-0407, p. 7 (La. App. 1 Cir. 12/29/22), 360 So.3d 852, 857 (citing La. R.S. 46:2136(F)(1)).

Here, the Department of Child and Family Services ("DCFS") investigation report describes an incident in which A.G.H and his little brother were playing basketball and Mr. Strickland allegedly punched A.G.H. for blocking his brother's shot when playing. Mr. Strickland testified at the September 21, 2023 hearing that A.G.H. antagonized his little brother by "blocking his shot, hitting the ball, taking the ball from him . . . typical big brother stuff, but it had gone too far." Mr. Strickland stated that he asked A.G.H. multiple times to stop.

MR. STRICKLAND:

7

. . . I came out, I said; "Say, Bruh, this is my last time telling you. Don't do it again." So he didn't do it again. He took another ball and started using the ball to do the things that I told him not to do. And that's when I came inside and I grabbed him and I told him to go inside.

Mr. Strickland testimony was that he has never punched A.G.H., however, admits to giving A.G.H. a "quick backhand." Mr. Strickland also testified that when he gave A.G.H. a "backhand," it would be in the upper body. Mr. Strickland elaborated that would be the instance he made contact with A.G.H.'s chest. Mr. Strickland testified that he has physically disciplined A.G.H. approximately ten times in the course of three years. Moreover, Mrs. Strickland attested that she has witnessed Mr. Strickland "backhand" A.G.H., and has never intervened when Mr. Strickland physically disciplined A.G.H.

"It is well-settled law that '[w]hen the factual findings are based on the credibility of witness testimony, the appellate court must give great deference to the fact finder's decision to credit witness testimony.'" *Carrie v. Jones*, 2021-0659, p. 12 (La. App. 4 Cir. 1/21/22), 334 So.3d 834, 843 (quoting *Watts v. Watts*, 2008-0834, p. 2 (La. App. 4 Cir. 4/8/09), 10 So.3d 855, 857). "Even if an appellate court feels its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in testimony." *Id.* at p. 12, 334 So.3d 843 (quoting *Guste Homes Resident Mgmt. Corp. v. Thomas*, 2020-0110, p. 8 (La. App. 4 Cir. 7/29/20), 302 So.3d 1181, 1187).

Here, the testimony of witnesses and audio recording between Mr. Hill and Mrs. Strickland supports the trial court's issuance of a protection order. For that reason, we do not find that the trial court abused its discretion in granting a protective order in favor of Mr. Hill on behalf of A.G.H.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's September 22, 2023 protective order in favor of Mr. Hill on behalf of A.G.H.

**AFFIRMED**